In re JOE DeLISI FRUIT CO., Debtor.

JOE DeLISI FRUIT CO., Plaintiff,

v.

STATE OF MINNESOTA, Department of Agriculture and Mark W. Seetin, Commissioner of Agriculture of the State of Minnesota; Mountain Foods, Inc.; Pacific Gamble Robinson; Sam Baglio Fruit Co.; and C. H. Robinson Co., Defendants.

Bankruptcy No. 3-81-00022.
Adv. No. 81-0109.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

June 17, 1981.

Louis W. Brenner of Brenner & Workinger, Minneapolis, Minn., for plaintiff-debtor, Joe DeLisi Fruit Co.

Jon K. Murphy, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendants, State of Minn., Dept. of Agriculture and Mark W. Seetin, Com'r of Agriculture of the State of Minn.

Hart Kuller of Winthrop, Weinstine & Sexton, St. Paul, Minn., for Mid-America State Bank of Highland Park.

William I. Kampf of Kampf & Orey, St. Paul, Minn., for Unsecured Creditors' Committee.

JACOB DIM, Bankruptcy Judge.

The facts are undisputed. Plaintiff, as a dealer in wholesale produce, is licensed by the State of Minnesota, Department of Agriculture (the "Department") under *Minn. Stat.* § 27.001 et seq. As part of the licensing requirements, the applicant for the license must post a surety bond or in lieu thereof a letter of credit conditioned on the performance of the duties proscribed by statute. *Minn.Stat.* § 27.041, subd. 1. Plaintiff-debtor posted a letter of credit from Mid-America State Bank of Highland Park (the "Bank") in 1980 in the amount of $8,000.00 to satisfy this requirement.

The defendants, Mountain Foods, Inc., Pacific Gamble Robinson, Baglio Fruit Co., and C. H. Robinson Co., (the "Suppliers") were suppliers of the debtor during the term of the letter of credit. Pursuant to *Minn.Stat.* § 27.041, subd. 1(2), the failure to pay suppliers when due is a breach of the statute and gives rise to a claim on the bond. The Suppliers notified Mark W. Seetin, Commissioner of Agriculture (the "Commissioner") of the default in payments.

On January 7, 1981, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Upon the filing of the petition, the automatic stay under § 362(a) went into effect.

On March 20, 1981, the Commissioner issued a "Notice of and Order for Hearing in the Matter of Wholesale Produce Claims Against the Joe DeLisi Fruit Company". This action was brought pursuant to *Minn. Stat.* § 27.06 which states:

"Any person claiming himself to be damaged by any breach of the conditions of a bond given by a license, as herein provided, may enter complaint thereof to the commissioner, which complaint shall be a written statement of the facts constituting the complaint. Upon filing the complaint in the manner herein provided, the commissioner shall investigate the charges made and have the matter heard as a contested case pursuant to chapter 15. No hearing shall be required if all affected parties to a bond claim proceeding waive their right to a hearing and agree to accept the commissioner's determination as to the validity of the claims and the allocation of the proceeds of the bond."

In response to the action of the Commissioner, the debtor brought the instant proceedings to determine the effect of § 362(a) on the rights of the Suppliers and the Commissioner to go forward with the hearing under § 27.06. This Court issued a temporary injunction against further proceedings by the defendants until a decision could be issued by this Court.

§ 362(a) of the Bankruptcy Code provides an automatic stay applicable to all entities of acts or proceedings against the debtor, property of the debtor, or property held by the debtor. § 362(b) excepts from the automatic stay certain acts specified therein.

The Department has alleged that the letter of credit is not property of the debtor or property held by the debtor. This Court need not reach that question.

The sole determination to be made, whether the Department may proceed with

its action, can be resolved under § 362(a)(1) which provides a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

■ The import of this section is that all legal actions being taken or to be taken against the debtor are halted. No new lawsuits can be commenced and ongoing proceedings are halted. The section is inclusive. Every proceeding of a judicial or quasi-judicial nature is affected.

An exception to § 362(a)(1) is provided in § 362(b)(4). § 362(a)(1) does not stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power". Thus a governmental unit is not prevented from regulating matters under its jurisdiction.

■ Applying these sections to be instant facts shows that the actions of the Department are in violation of the automatic stay and hence void and of no force and effect.

The action commenced by the Commissioner is an administrative, quasi-judicial proceeding. It is conduct pursuant to chapter 15, the Administrative Procedure Act. Evidence is present, witnesses are examined and cross-examined. A hearing officer presides and awards judgment to the prevailing party. Ultimately, the Minnesota Supreme Court may review the matter on appeal.

The action is against the debtor. The Department is correct that recovery will be from the letter of credit and not from property of the debtor, at least initially. The stay does more than prevent claims against assets of the debtor. It is to give the debtor a breathing period to organize his or her affairs and a period in which the debtor does not have to defend himself from creditors.

The action by the Department requires that the debtor defend itself from the claims asserted by the Department and the Suppliers. It requires the expenditure of time and money when the debtor should be putting its financial structure in order. The very notice of the hearing indicates this is an action against the debtor.

The action taken by the Commissioner clearly falls within the provisions of § 362(a)(1). It is the commencement of an administrative proceeding against the debtor which is stayed unless excepted by § 362(b).

The Department has asserted that this is a regulatory action excepted from the stay by § 362(b)(4) as set forth above. The debtor asserts that the action is not regulatory.

§ 27.001 sets forth the policy of the statute under which this action is brought. It states:

"The legislature recognizes that perishable agricultural products are important sources of revenue to a large number of citizens of this state engaged in producing, processing, manufacturing, or selling such products and that such products cannot be repossessed in case of default. It is therefore declared to be the policy of the legislature that certain financial protection be afforded those who are producers on the farm; farm cooperatives which are not wholesale produce dealers as described in section 27.01, subdivision 8; and licensed wholesale produce dealers, including the retail merchant purchasing produce directly from farmers. The provisions of this chapter which relate to perishable agriculture commodities shall be liberally construed to achieve these ends and shall be administered and enforced with a view to carrying out the above declaration of policy."

The action by the Commissioner is not to restrain or punish any violation of the statute. It is not to determine licensing requirements or to collect damages from the debtor for violation. The State of Minnesota is not the complainant. The action is by and for the benefit of the creditors of the

debtor. Any recovery will be to their benefit. The statute which proscribes this procedure was enacted to provide "financial protection" for a certain class of individuals favored by the state. It was not done to protect the public health, welfare and safety. See *In re State of Missouri et al. v. U. S. Bankruptcy Court for the E. D. of Arkansas et al.*, 647 F.2d 768 (8th Cir., 1981).

This action was not a regulatory proceeding within the ambit of § 362(b)(4). It was an action to protect certain creditors through an administrative agency.

For the reasons stated above, this Court concludes that the Department and the Commissioner acted in violation of the automatic stay under § 362(a)(1). The Court also concludes that such action was not in bad faith but through a misinterpretation of a recently enacted law and that a judgment of contempt would be inappropriate at this juncture. The action commenced by the Commissioner and the Department is void.

The Department and the Commissioner acted in good faith and under state law. The action was not capricious nor arbitrary and was without malice towards the debtor. An award of attorneys' fees to the debtor in this instance would be inappropriate.