In re HECKLER LAND DEVELOP-
MENT CORP., Debtor.

HECKLER LAND DEVELOPMENT
CORP., Plaintiff,

v.

TOWNSHIP OF MONTGOMERY,
Defendant.

Bankruptcy No. 80–00483K.
Adv. No. 80–0483K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 18, 1981.

Gary M. Schildhorn, David V. Shapiro, Philadelphia, Pa., for plaintiff/debtor.

Emory W. Buck, Lansdale, Pa., for defendant Township of Montgomery.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case is brought before the Court on a complaint by Heckler Land Development Corporation, the debtor, to enforce the automatic stay of the Bankruptcy Code against the Township of Montgomery. The debtor has requested the Court to enjoin the Township from prosecuting an action in state court. This action was brought in the Court of Common Pleas of Montgomery County to obtain funds from an escrow account established by the debtor. The Township argues that the state court action is brought to enforce the police power of a governmental unit and, therefore, the automatic stay does not apply to stay the proceedings. The Court finds that the state court action is not excepted from the automatic stay. An order will be entered to enjoin the defendant from proceeding in the state court action.[1]

The facts in this case are not in dispute. Heckler filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 21, 1980. The Township filed a complaint in the Court of Common Pleas of Montgomery County on August 12, 1980, which was amended on August 15, 1980. Heckler had entered into a Land Development Agreement with the Township of Montgomery several years prior to the filing for relief under the Bankruptcy Code. In 1975, as part of the Agreement, an escrow account was established at First Federal Savings and Loan of Philadelphia. This account was to serve as a completion guarantee account as required by the Township's subdivision ordinance. Heckler failed to complete the project in the Township of Montgomery. Certain improvements at the project site were completed at Township expense. It is alleged that $23,000 in costs were incurred. The balance in the escrow account is sufficient to cover these costs. The Township is seeking to reimburse itself for the expenses incurred as a result of Heckler's failure to complete the project.

 The Township asserts that the Common Pleas action in Montgomery County is an exercise of the police power of a governmental unit and not a claim against the debtor's estate. As such, the Township alleges, this action would not be subject to

1. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.

the operation of the automatic stay imposed by the Bankruptcy Code.[2]

The crucial determination, which must be made by the Court, is whether this action is an exercise of the police power. The Code provides, in pertinent part that:

(b) The filing of a petition . . . does not operate as a stay—. . .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; 11 U.S.C. § 362(b)(4).

The legislative history of this section provides information concerning Congressional intent and aids the Court in interpreting this section. The House and Senate Reports Reports provide that:

Paragraph (4) excepts commencement or continuation of actions by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors.

House Report No. 95–595, 95 Cong., 1st Sess. (1977) 342–3; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 51–2, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5838, 6299.

The report in the Congressional Record further aids in construing § 362(b)(4) by stating that:

Section 362(b)(4) indicates that the stay under section 362(a)(1) does not apply to affect the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power. This section is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate. 124 Cong.Rec. H 11,092 (Sept. 28, 1978); S 17,409 (Oct. 6, 1978).

These quotes from the legislative history of the Bankruptcy Code clearly evidence that Congress intended to protect debtors from the collection efforts of governmental units and to preserve the assets of the estate for orderly administration while allowing governing bodies to enforce necessary measures to preserve the public health and welfare. When the goal of the government action is to enforce the collection of a pre-petition indebtedness, however, the automatic stay will be imposed. *State of Missouri v. U. S. Bankruptcy Court for the E. D. of Arkansas*, 647 F.2d 768 (8th Cir. 1981); *In re Jacobsmeyer*, 13 B.R. 298, 7 B.C.D. 1277 (Bkrtcy.W.D.Mo.1981); *In re DeLisi*, 11 B.R. 694, 7 B.C.D. 1021 (Bkrtcy. D.Minn.1981). In this case, the Court finds that the Township is attempting to collect an indebtedness and not to enforce appropriate public health, safety, or welfare requirements of the governmental unit.

The Township also asserts that this escrow account is not property of the debtor's estate. Such a position, however, is untenable. In this case, we do not have a situation where a creditor is attempting to collect from a third party such as a co-signer on a note or from a bond posted by the debtor's surety. These actions would not be stayed. *In re Stanndco Developers, Inc.,*

**2.** 11 U.S.C. § 362.

534 F.2d 1050 (2nd Cir. 1976); *McGinnis Lumber Co., Inc. v. Belser*, 385 F.Supp. 390 (D.S.C.1974).

A recent Bankruptcy Court case from Minnesota held that when the state attempted to collect on a letter of credit filed by the debtor as required by a state perishable agricultural commodities act, the state action was subject to the automatic stay. The letter of credit was found to be property of the estate. *In re DeLisi, supra.* This Court finds the escrow account held by First Federal to be property of the estate and protected by the automatic stay.

The Court will enter an Order directing the Township to refrain from prosecuting the state court action until such time as the action would be permitted to continue under the Code.[3]