In re John F. HERR, Donna L. Herr, Debtors.

John F. HERR, Plaintiff,

v.

STATE OF MAINE, and its Bureau of Employment Security of the Maine Department of Labor, Defendant.

Adv. No. 282–0142.

United States Bankruptcy Court, D. Maine.

March 1, 1983.

Paulette Parker, Portland, Me., for plaintiff.

Peter H. Stewart, Asst. Atty. Gen., Augusta, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The debtor, John F. Herr, alleges that the State of Maine Bureau of Employment Security's administrative proceedings, in which he was the defendant, violated the automatic stay in 11 U.S.C.A. § 362(a) (1979). He seeks a permanent injunction, prohibiting the Bureau from taking any action to enforce any claims resulting from those proceedings. The Bureau contends that its proceedings are excepted from the stay by 11 U.S.C.A. § 362(b)(4) (1979). The court concludes that the Bureau's proceedings fall within the exception.

On February 19, 1982, John and Donna Herr filed a joint petition under chapter 7. On April 2, 1982, the State of Maine Bureau of Employment Security notified John Herr that he should appear on April 9, 1982, for a fact finding interview regarding overpayment of unemployment benefits. The notice stated that "a determination may result in an overpayment and a denial of benefits for up to one year."

Herr appeared at the interview and informed the Bureau that he had filed a bankruptcy petition. The interview proceeded and the presiding officer issued a decision the same day. He found that Herr made "false statements, representations knowing them to be false and knowingly failed to disclose material facts in [his] application to obtain benefits...." The decision was based on a finding by the officer that Herr collected unemployment benefits for three weeks while he was employed.

The decision established an overpayment of $312 and disqualified Herr from receiving unemployment benefits for a six month period, beginning immediately. Herr appealed to the Appeal Tribunal of the Bureau of Employment Security. This court granted Herr's request for a preliminary injunction against the Bureau, and no further action has been taken by the Bureau.

Herr asks the court to find that the Bureau's proceedings are void because they were carried on in violation of the automatic stay provided for in section 362(a)(1).[1] He also seeks attorney's fees and costs. Finally, Herr questions the propriety of the proceedings which resulted in the decision at issue.[2] The Bureau of Employment Security asks the court to find that its proceedings are excepted from the automatic stay by section 362(b)(4). Alternatively, it requests the court to take jurisdiction of the proceedings.

The Maine Employment Security Law

The Maine Legislature passed the Employment Security Law to prevent the economic insecurity caused by unemployment. Me.Rev.Stat.Ann. tit. 26, § 1042 (1974). The law requires the Commissioner of Labor to administer its provisions through the Bureau of Employment Security, which is empowered to "make investigations and take other actions as it deems necessary or suitable to carry out its duties." Id. § 1082(2) (Supp.1982–1983). Pursuant to this power, the Bureau investigates allegedly fraudulent claims for unemployment.

A finding by the bureau that a claimant made a false statement in his or her application to obtain unemployment benefits re-

---

1. Herr also argues that the Bureau's proceedings are stayed by section 362(a)(6) as an action to collect a claim. The section 362(b)(4) exception is not applicable to the section 362(a)(6) stay. Thus, if Herr were correct in this argument, no exception would be applicable. The court does not have to address this issue directly, however, because, in deciding that section 362(b)(4) is applicable, the court necessarily decides that the Bureau is seeking to enforce its police powers rather than to collect a claim. Section 362(a)(6), therefore, is not applicable to the Bureau's proceedings.

2. The court does not address Herr's allegations of impropriety. A procedural challenge to the Bureau's proceedings is a matter of state law which should be addressed on appeal to the Bureau's Appeal Tribunal. As stated by the bankruptcy court in In re Alessi, 12 B.R. 96, 98 (Bkrtcy.N.D.Ill.1981), "[s]o long as the police power was being exercised, the manner in which the hearing was conducted is beyond the reach of this Court's proper authority. If there were any improprieties, that is a matter which can be addressed as a question of [state] law by state courts."

sults in disqualification and penalties. Disqualification is discussed in section 1193(6), which provides:

> An individual shall be disqualified for benefits: For any week for which the deputy finds that the claimant made a false statement or representation knowing it to be false or knowingly fails to disclose a material fact in his application to obtain benefits and in addition, the claimant shall be ineligible to receive any benefits for a period of not less than 6 months nor more than one year from the mailing date of the determination.

*Id.* § 1193(6) (1974). Penalties are imposed by section 1051(4):

> Any person who, by reason of the nondisclosure or misrepresentation by him or by another, of a material fact, and such nondisclosure or misrepresentation was known to him or ought to have been known by him to be fraudulent, has received any sum as benefits under this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled in his case, or while he was disqualified from receiving benefits, shall either be liable to have such sum deducted from any future benefits payable to him under this chapter or shall be liable to repay to the bureau for the Unemployment Compensation Fund, a sum equal to the amount so received by him, and such sum shall be collectible in the manner provided in subsection 6.

*Id.* § 1051(4) (Supp.1982–1983). Disqualification is automatic upon a finding of fraud by the deputy: "an individual *shall* be disqualified." *Id.* § 1193(6) (1974) (emphasis added). The penalties, however, cannot be recovered "until the determination of an erroneous payment is final as to law and fact." *Id.* § 1051(5) (Supp.1982–1983).

The Bureau imposed both disqualification and penalties on Herr; its decision disqualified Herr from receiving unemployment benefits for six months and established a $312 overpayment. Although the disqualification was effective immediately, the Bureau cannot attempt to recover the $312 until a final determination is made on appeal. *See id.* §§ 1193(6), 1051(5) (1974 & Supp.1982–1983).

### Section 362(b)(4)

Upon the filing of a petition under chapter 7, section 362(a)(1) automatically stays the commencement of an administrative proceeding against the debtor that could have been commenced before the petition was filed. The parties do not dispute that the Bureau of Employment Security's proceedings are covered by the language of section 362(a)(1). The Bureau argues, however, that its proceedings are excepted from the stay in section 362(a)(1) by section 362(b)(4).

Section 362(b)(4) provides that the filing of a petition under chapter 7 "does not operate as a stay—under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." It is undisputed that a proceeding by a governmental unit, the State of Maine Bureau of Employment Security, is at issue. Herr argues, however, that section 362(b)(4) is not applicable because the Bureau is not enforcing its police power, but instead attempting to collect a claim.

*Black's Law Dictionary* defines police power as "the exercise of the sovereign right of a government to promote order, safety, health, morals and general welfare." 1041 (5th ed. 1979). The Maine Legislature enacted the Employment Security Law to relieve economic insecurity which it considered a "serious menace to the health, morals and welfare of the people of this State." Me.Rev.Stat.Ann. tit. 26, § 1042 (1974); *Dotter v. Maine Employment Security Commission,* 435 A.2d 1368, 1373 (Me. 1981). The Employment Security Law is a constitutional exercise of Maine's police power. *See Maine Unemployment Compensation Commission v. Androscoggin Junior, Inc.,* 137 Me. 154, 16 A.2d 252 (1940). However, every proceeding before the Maine Bureau of Employment Security is not an enforcement of police power within section 362(b)(4); such a construction would render section 362(a)(1) meaningless. *Volkswagen*

*of America, Inc. v. Dan Hixson Chevrolet Co. (In re Dan Hixson Chevrolet Co.),* 12 B.R. 917, 920 (Bkrtcy.N.D.Tex.1981).

Bankruptcy courts have applied two tests in deciding which governmental proceedings are excepted from the stay by section 362(b)(4): the pecuniary purpose test and the public policy test. The pecuniary purpose test is derived from language in the legislative history of the Bankruptcy Code:

> [S]ection [362(b)(4)] is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.

124 Cong.Rec. H11,092 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6436, 6444–45. Courts have defined the exception in terms of pecuniary purpose: "State and local governmental units cannot, by an exercise of their policy or regulatory powers, subvert the relief afforded by the federal bankruptcy laws. When they seek to do so for a pecuniary purpose, they are automatically stayed, notwithstanding the exception found at 11 U.S.C. § 362(b)(4)." *Thomassen v. Division of Medical Quality Assurance (In re Thomassen),* 15 B.R. 907, 909 (Bkrtcy. 9th Cir.1981).

House and Senate reports describe which governmental actions are excepted: "[W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." S.Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5838; H.R.Rep. No. 595, 95th Cong., 2d Sess. 343, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5963, 6299. Thus, in *In re Thomassen,* the court allowed post petition administrative proceedings by a state agency investigating negligence and fraud charges to continue even though the

debtor contended that the state was attempting to force repayment to the defrauded parties. The court found that the state's interest in punishing this misconduct and preventing future acts of the same type was a valid police interest within section 362(b)(4). 15 B.R. at 909. Similarly, section 362(b)(4) allowed the Secretary of Labor to assess a civil monetary penalty against a debtor for violation of the child labor laws in *Marshall v. Tauscher (In re Tauscher),* 7 B.R. 918 (Bkrtcy.E.D.Wis. 1981), and the NLRB to require a debtor to reinstate discriminatorily discharged employees with back pay in *NLRB v. Evans Plumbing Co.,* 639 F.2d 291 (5th Cir.1981); *see also Ohio v. Mansfield Tire & Rubber Co. (In re Mansfield Tire & Rubber Co.),* 660 F.2d 1108 (6th Cir.1981); *In re Alessi,* 12 B.R. 96 (Bkrtcy.N.D.Ill.1981).

These cases should be contrasted with cases in which governmental units have exercised their police power in a way that interferes with property of the estate or prefers or injures creditors. Such actions are stayed. *See Missouri v. U.S. Bankruptcy Court,* 647 F.2d 768 (8th Cir.1981) (state attempt to take possession of grain for benefit of creditors), *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982); *Sachs v. Ryan (In re Ryan),* 15 B.R. 514 (Bkrtcy.D.Md.1981) (state forfeiture action against money of debtor); *Gibbs v. Housing Authority (In re Gibbs),* 9 B.R. 758 (Bkrtcy. D.Conn.1981) (state judgment for possession of debtor's apartment), *modified,* 12 B.R. 737 (Bkrtcy.D.Conn.1981). As stated by the Court of Appeals for the Eighth Circuit, the phrase policy or regulatory power does not refer to "laws that directly conflict with the control of the *res* or property by the bankruptcy court." *Missouri v. U.S. Bankruptcy Court,* 647 F.2d at 776.

The second test applied by courts in determining which governmental proceedings are excepted from the stay is the public policy test. This test distinguishes between proceedings that effectuate public policy and those that adjudicate private rights: only the former are excepted from the automatic stay. *In re Dan Hixson Chevrolet*

*Co.,* 12 B.R. at 920. Thus, an action brought by a car manufacturer before a state agency to terminate the debtor's franchise was stayed. *Id.* at 922. But the same bankruptcy court allowed the NLRB to fix the amount of liability for the commission of unfair trade practices. *D.M. Barber, Inc. v. Valverde (In re D.M. Barber, Inc.),* 13 B.R. 962, 963 (Bkrtcy.N.D.Tex.1981).

Finally, once proceedings are excepted from the stay by section 362(b)(4), courts have allowed governmental units to fix the amount of penalties, up to and including entry of a money judgment. *Evans Plumbing Co.; In re Tauscher,* In *In re D.M. Barber, Inc.,* the court explained that, when a governmental unit is authorized to fix liability for violations, this authority is incidental to its police power and, therefore, within section 362(b)(4). 13 B.R. at 963. This view is supported by the House and Senate reports on section 362(b)(4). S.Rep. No. 989, *supra;* H.R.Rep. No. 595, *supra.* However, the governmental unit is prohibited from enforcing a money judgment. *In re Tauscher; In re D.M. Barber, Inc.; see also Evans Plumbing Co.* The Court of Appeals for the Sixth Circuit explained this distinction in *In re Mansfield Tire & Rubber Co.:* "our holding does not carry the effect of actually allowing a claim ... against the estate of the debtor. This is a matter which would have to be handled in the Bankruptcy Court when it is filed there, along with other claims against the estate." 660 F.2d at 1114–15.

Section 362(b)(4) excepts the Bureau's proceedings against Herr from the operation of the automatic stay. The Maine Employment Security Law, which established the Bureau, is a constitutional exercise of the state's policy power. In its proceedings, the Bureau is acting to "stop violation of fraud ... laws" and "fix damage for violation of such a law," behavior clearly intended by the United States Congress to come within section 362(b)(4). S.Rep. No. 989, *supra;* H.R.Rep. No. 595, *supra.* It is not attempting to interfere with property of the estate; its claim for overpayment will be administered by the court like any other claim. Thus, if the Bureau wishes to chal-lenge the dischargeability of its claim on the ground of fraud, it must bring an adversary proceeding in this court. Instead the Bureau is attempting to punish Herr for allegedly fraudulent conduct and to protect the employment security fund from fraudulent claims. Its proceedings are in the public interest, no private party is benefited.

An appropriate order will be entered.