**In re George and Dena DERVOS d/b/a Athenaikon Hellenic American School, a/k/a Athenaikon School, Debtors.**

**Ruth SWAN a/k/a Betty Mae Swan, Elizabeth Seimenis, Elaine Stryski and Lynn Jacobson, Plaintiffs,**

**v.**

**George DERVOS, Defendant.**

**Bankruptcy No. 82 B 11763.
Adv. No. 83 A 1673.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 25, 1984.

John H. Redfield, Chicago, Ill., for debtor/defendant.

Meyer H. Weinstein, Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause comes on to be heard upon the complaint to lift the automatic stay filed by RUTH SWAN, a/k/a BETTY MAE SWAN [Swan], ELIZABETH SEIMENIS [Seimenis], ELAINE STRYSKI [Stryski] and LYNN JACOBSON [Jacobson], represented by MEYER H. WEINSTEIN, in the bankruptcy proceeding of GEORGE and DENA DERVOS, d/b/a ATHENAIKON HELLENIC AMERICAN SCHOOL, a/k/a ATHENAIKON SCHOOL, [Debtors] represented by JOHN H. REDFIELD, the court having heard testimony and reviewed the evidence and memoranda of law submitted by the parties, and being fully advised in the premises,

The Court Finds:

1. The Debtors, as individual proprietors, were engaged in the operation of a school known as the ATHENAIKON HELLENIC AMERICAN SCHOOL and employed Swan, Seimenis, Stryski and Jacobson as teachers at the school for a period during 1982 prior to the commencement of the bankruptcy proceeding.

2. On September 3, 1982, Debtors filed a petition under Chapter 13 of the Bankruptcy Code. Objections to confirmation of the Chapter 13 Plan were filed by the FEDERAL DEPOSIT INSURANCE COMPANY, THE DES PLAINES BANK, and AMERICAN NATIONAL BANK, all creditors of the estate.

3. On March 2, 1983, the standing Chapter 13 Trustee, CRAIG PHELPS, filed a motion to dismiss this proceeding for unreasonable and prejudicial delay pursuant to Section 1307(c)(1) of the Bankruptcy Code.

4. On May 11, 1983, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code and July 7, 1983 was fixed as the last date for filing objections to discharge.

5. On June 8, 1983, RICHARD FOGEL was appointed Interim Trustee and the time was extended to September 30, 1983 for the Trustee to object to discharge of the Debtors.

6. On May 26, 1983, Plaintiffs Swan, Seimenis, Stryski and Jacobson filed a complaint to lift the automatic stay imposed by Section 362 of the Bankruptcy Code. Plaintiffs had recovered a judgment for restitu-

tion in the case, *People of the State of Illinois v. George Dervos,* Case Number 82 MI 396282, Circuit Court of Cook County, Municipal Division, First District. The State prosecuted the Debtor, George Dervos, on behalf of Swan, Seimenis, Stryski, and Jacobson, who had been employed as teachers at the ATHENAIKON HELLENIC AMERICAN SCHOOL, for violations of the Wage Payment and Collection Act, Illinois Revised Statutes Chap. 48, ¶ 39M–14, violation of said Act constituting a Class C misdemeanor. A plea of guilty was entered by George Dervos and in the judgment order dated July 1, 1982, judgment of conviction was deferred and George Dervos was placed on supervision until December 9, 1982, and said supervision was conditioned upon performance of certain obligations set out in the judgment order which stated, in pertinent part:

  b. With regard to ELIZABETH SEIMENIS, the Defendant is paying her $810.00, one-half of the amount on September 30, 1982 and the other half on December 9, 1982.

  c. With regard to LYNN JACOBSON, the Defendant is paying her $1,500.00, one-half of the amount of September 30, 1982 and the other half on December 9, 1982.

  d. With regard to ELAINE J. STRYSKI, the Defendant is paying her $925.00, one-half of the amount on September 30, 1982 and the other half on December 9, 1982.

  e. With regard to BETTY MAE SWANN, the Defendant is paying her $925.00, one-half of the amount on September 30, 1982 and other half on December 9, 1982.

Debtors filed the petition in Bankruptcy on September 3, 1982, approximately three weeks prior to the date of the first payments to be made in compliance with the order of restitution quoted above, and to date, George Dervos has failed to comply with the order of restitution.

7. On September 27, 1983, a hearing was held on the complaint to lift the automatic stay and George Dervos testified that he had not made any payments to the Plaintiffs pursuant to the order of the Circuit Court, and MEYER WEINSTEIN, attorney for the Plaintiffs, represented to the Court that JUDGE WARD of the Circuit Court of Cook County had given him leave to act as co-counsel to the Assistant Attorney General in the State court proceeding.

The Court Concludes and Further Finds:

1. Section 362 provides for the imposition of an automatic stay, applicable to all entities, of any proceedings against a party who has petitioned for relief under the Bankruptcy Code. However, in drafting this section of the Code, Congress carved out several exceptions to the applicability of the automatic stay and the exceptions of particular importance and applicability in this proceeding are as follows:

Section 362 Automatic Stay

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 U.S.C. 78eee(a)(3)], does not operate as a stay—

  (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

  (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental units, police or regulatory power; ...

2. The applicability of the exception to the automatic stay provided by Section 362(b)(1) of the Code depends upon whether the proceeding against the debtor is criminal in nature. This analysis begins with an examination of the Statute the debtor violated. George Dervos entered a plea of guilty to a violation of the Wage Payment and Collection Act, Illinois Revised Statutes Ch. 48 ¶ 39M–14, which provides, in relevant part:

  39M–14. Refusal to pay wages or final compensation—Punishment—Failure to obey order to pay wages—Penalty

§ 14. Any employer or any agent of an employer, who, being able to pay wages, final compensation, or wage supplements and being under a duty to pay, wilfully refuses to pay as provided in this Act, or falsely denies the amount or validity thereof or that the same is due, with intent to secure for himself or other person any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due, upon conviction, is guilty of a Class C misdemeanor. Each day during which any violation of this Act continues shall constitute a separate and distinct offense.

A violation of this statute is a misdemeanor, punishable by the imposition of a penalty; therefore, a proceeding commenced under this statute is criminal in nature. Upon entering a plea of guilty to the charge of violating this statute, judgment of conviction of George Dervos was deferred and he was placed on supervision, said supervision conditioned upon George Dervos making restitution to the Plaintiffs Swan, Seimenis, Stryski and Jacobson. George Dervos did not comply, but instead Debtors filed a Chapter 13 proceeding under the Bankruptcy Code three weeks before performance under the judgment order was due.

■ A State court order for restitution may not be discharged in Bankruptcy because under Section 362(b)(1), an order for restitution is excepted from the automatic stay as part of a criminal proceeding against a debtor. *In re Newton*, 5 Colliers Bankruptcy Cases 1181 (N.D.Ga.1981).

■ 3. Section 362(b)(4) of the Code excepts from the applicability of the automatic stay the commencement or continuation of actions brought by governmental units in the enforcement of their police or regulatory powers. This exception contemplates actions where a governmental unit has commenced an action against a debtor to prevent or stop a violation of fraud, environmental protection, consumer protection, public welfare, safety or similar police or regulatory laws. H.R. No. 95–595, 95th Cong., 1st Sess. 342–3 (1977); S.R. No. 95–989, 95th Cong., 2d. Sess. 51–2 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. George Dervos was sued by the People of the State of Illinois represented by the Assistant Attorney General. However, whether Section 362(b)(4) applies in any given situation depends upon the purpose of the governmental unit in suing the debtor. It must be determined that the proceeding was commenced in the interest of the public health, safety or welfare and that harm would result to the public if the government action was stayed. When a government unit has acted against the debtor for fraud and it is motivated to do so in order to punish the debtor's misconduct and prevent the repetition of the fraudulent behavior, then the governmental unit's actions represent an application of its police and regulatory powers. *In re Thomassen*, 5 Colliers Bankruptcy Cases 997, 9th Cir., B.A.P. 1981. See also, *When is a Governmental Unit's Action to Enforce its Police or Regulatory Power Exempt from the Automatic Stay Provisions of Section 362?*, 9 Fla. St.Law Rev. 369, 1981.

■ Actions by a governmental unit to enforce its police or regulatory powers are not aimed at gaining a pecuniary advantage but are aimed at protecting a broad public interest. In prosecuting George Dervos under the Illinois Wage Payment and Collection Act, the State sought to protect the interests of citizens who are non-governmental employees, to prevent a repetition of such fraudulent behavior, and to deter other non-governmental employers from committing such fraudulent behavior.

■ 4. In the memorandum in opposition to the complaint to lift the automatic stay, Debtors contended that the Plaintiffs lacked standing to proceed against the Debtors under Section 362(b)(4) because they did not constitute a governmental unit. At the hearing held on the complaint on September 27, 1983, MEYER WEINSTEIN, attorney for the Plaintiffs, represented to the court that JUDGE WARD of the Circuit Court of Cook County, Municipal Division, had given him leave to act as co-counsel to the Assistant Attorney General in the

proceeding. Notwithstanding the foregoing, it is not fatal to a complaint brought under Section 362(b)(4) that it was not actually filed by a governmental unit. *In re Briarcliff*, 5 Colliers Bk. Cases 1455 (D.N.J. 1981).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the complaint to lift the automatic stay filed by RUTH SWAN a/k/a BETTY MAE SWAN, ELIZABETH SEIMENIS, ELAINE STRYSKI, and LYNN JACOBSON against GEORGE and DENA DERVOS d/b/a ATHENAIKON HELLENIC AMERICAN SCHOOL a/k/a ATHENAIKON SCHOOL, Debtors, be and the same is hereby granted, and the automatic stay is hereby lifted.