In re James **WELLHAM**, Cynthia Wellham, et al, Debtors.

**UNITED STATES of America, Movant,**

v.

**James W. WELLHAM and Cynthia Wellham, Respondents.**

and

In re **NATIONAL METALS CORP.,** Debtor.

**UNITED STATES of America, Movant,**

v.

**NATIONAL METALS CORP., Respondent.**

Bankruptcy Nos. 385–01653, 385–01651.

United States Bankruptcy Court, M.D. Tennessee.

July 22, 1985.

Steven J. Engelmyer, Sp. Asst. U.S. Atty., Philadelphia, Pa., Sylvia Brown, Asst. U.S. Atty., Nashville, Tenn., for movant.

C. Kinian Cosner, Cosner & Waldschmidt, Nashville, Tenn., for debtor.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the motion by United States of America (hereinafter referred to as "movant") seeking relief from the automatic stay to continue a prepetition civil suit filed against the debtors. The movant asserts the civil action is excepted from the automatic stay as the continuation of an action to enforce the police or regulatory powers of a governmental unit pursuant to 11 U.S.C. § 362(b)(4) (B.C.D.1984). The debtors assert that the suit is stayed since it is an effort on behalf of the movant to gain a pecuniary advantage over other creditors of the estate. Upon consideration of affidavits submitted, statement of counsel, and the entire record, the court concludes that the movant is stayed from continuing the civil action and that no cause exists for lifting the stay.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On May 28, 1985, the movant filed a civil suit against the debtors, alleging that they intentionally defrauded the government by supplying substandard metals to the Defense Industrial Supply Center ("DISC"), a procurement agency of the Department of Defense located in Philadelphia, Pennsylvania. While the first count of the seventeen-count complaint seeks damages for violations of the false claims act, 31 U.S.C. § 3729, the remaining sixteen counts seek money damages for run-of-the-mill civil claims, such as breach of contract, unjust enrichment, recovery of monies paid under mistake of fact, common law fraud, damages resulting from a breach of a fiduciary duty, and recovery of fraudulent conveyances. The gravamen of the complaint is that the debtors both supplied substandard metals to the movant and billed the movant for metals they did not in fact deliver.

On June 4, 1985, the movant filed a motion for a preliminary injunction seeking to injoin the debtors from selling, transferring, removing, or otherwise disposing of a large amount of their assets. On June 9, the debtors filed petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

The facts contained in the attachments to movant's memorandum and the affidavit of the debtor Mr. Wellham have been stipulated to. Those pertinent to the issue before the court are as follows: the debtor Mr. Wellham was in the business of providing materials to the Department of Defense; material supplied by him or his businesses was substandard; he and his attorney entered into some type of agreement regarding his conduct with the U.S. Attorney of this district on March 1, 1984; special agents from the U.S. Department of Defense and the U.S. Air Force deposed him on September 20, 1984; and, he has been barred from providing the government with material and apparently is not doing so at this time.

Under 11 U.S.C. § 362(b)(4) (B.C.D.1984), an action is not stayed which is the "... commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; ..." The issue before the court is whether the civil action filed by the movant constitutes an action to enforce the movant's police or regulatory power.

In determining whether an action falls within 362(b)(4), the courts have developed two tests: the pecuniary purpose test and the public policy test. *See Herr v. Maine,* 28 B.R. 465, 468 (Bankr.Me.1983). While the tests are very similar in methodology, they approach the problem from different perspectives. Under the pecuniary purpose test, the court must determine whether the purpose of the government unit in suing the debtor was to gain a pecuniary advantage or to protect the public's health, safety, or welfare.[1] *Swan v. Dervos,* 37 B.R. 731, 734 (Bankr.N.D.Ill.1984). Under the public policy test, the court must determine whether the proceeding "effectuate(s) public policy" or merely "adjudicate(s) private rights." *Herr* at 468. To make this determination, the courts examine the action in question to determine whether a governmental unit is engaging in an action which affects the immediate parties to the action or whether it concerns a wider group subject to the authority of the governmental unit. *See Volkswagen of America, Inc. v. Dan Hixson Chevrolet Company,* 12 B.R. 917, 920 (Bankr.N.D.Tx.1981).[2]

A number of rules of construction applicable to both tests have been developed by the courts. In accordance with legislative history, the courts have given the statute a narrow construction. *TXIA Holdings Corporation v. National Mediation Board (In re Continental Airlines Corp.),* 40 B.R. 299 (Bankr.S.D.Tx.1984); *Heckler Land Development Corp. v. Montgomery,* 15 B.R. 856 (Bankr.E.D.Pa.1981). Some courts have gone as far as excepting only those actions which are exercises of police powers which are "urgently" needed to protect the public health and welfare. *Eisenberg v. Village of Mineola (In re IDH Realty, Inc.),* 16 B.R. 55 (Bankr.E.D.N.Y. 1981); *Schatzman v. Florida (In re King Memorial Hospital, Inc.),* 4 B.R. 704 (Bankr.S.D.Fla.1980). In applying these rules, the courts have focused on " . . . the purpose of the governmental unit in suing the debtor." *Swan v. Dervos,* 37 B.R. 731, 734 (Bankr.N.D.Ill.1984).[3]

---

**1.** In elucidating the standards courts employ under the pecuniary purpose test, Judge Willardt in the case of *In re Charter First Mortgage, Inc.,* 42 B.R. 380, 382 (Bankr.Or.1984) stated:

"In reviewing the cases, it is clear to this court that in applying the pecuniary purpose test, it must look to what specific acts the government wishes to carry out and determine if such execution would result in an economic advantage to the government or its citizens over third parties in relation to the debtor's estate."

**2.** A number of decisions in this area deal with the exercise of state or local governmental unit authority. These cases analyze 11 U.S.C. § 362(b)(4) within the context of the supremacy clause. *See Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Thomassen v. Division of Medical Quality Assurance, Department of Consumer Affairs, State of California,* 15 B.R. 907 (Bankr.9th Cir.1981).

**3.** *See Missouri v. United States Bankruptcy Court,* 647 F.2d 768 (8th Cir.1981), *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982) (Court found that a state's regulatory grain law directing receiver to operate or liquidate the debtor's warehouse because of the debtor's insolvency did not fall within § 362(b)(4)); *Cash Currency Exchange, Inc. v. Shine,* 37 B.R. 617 (N.D.Ill.1984) (A state administrative receivership for a currency exchange was not excepted from the automatic stay under § 362(b)(4));

*Eisenberg v. Village of Mineola (In re IDH Realty, Inc.),* 16 B.R. 55 (Bankr.E.D.N.Y.1981) (Administrative zoning procedures were not exempted from the automatic stay pursuant to § 362(b)(4)); *Heckler Land Development Corp. v. Montgomery,* 15 B.R. 856 (Bankr.E.D.Pa.1981) (City suit seeking to recover escrow funds due to the debtor's noncompletion of a contract was not excepted from the automatic stay under § 362(b)(4)); *In re Jacobsmeyer,* 13 B.R. 298 (Bankr.W.D.Mo.1981) (The enforcement of regulations limiting credit a wholesaler can extend to a retailer were not excepted from the automatic stay under § 362(b)(4) since it would result in preferential or discriminatory treatment to creditors). *Contra NLRB v. Evans Plumbing Company,* 639 F.2d 291 (5th Cir.1981) (NLRB action requiring debtor to reinstate wrongfully discharged employees with back pay excepted from the stay under § 362(b)(4)); *In re County Fuel Company, Inc.,* 29 B.R. 534 (Bankr.Md. 1983) (DOE's administrative enforcement proceeding against debtor under mandatory petroleum price and allocation regulations fell within the § 362(b)(4) exception to the automatic stay); *Herr v. Maine,* 28 B.R. 465 (Bankr.Me.1983) (Maine employment securities administrative proceeding investigating the fraudulent receipt of unemployment benefits was excepted from the automatic stay pursuant to § 362(b)(4)).

The movant in this case asserts that its action is primarily a claim under the false claims act aimed at vindicating the fraud perpetrated on the government. The movant also asserts that the civil action is necessary to determine when the substandard metals were delivered to the government in order to determine where they were used and whether they create a risk to members of the United States Armed Forces. The debtors reply that the action is merely an attempt on the part of the government to seek money damages.

█ Only one count of the seventeen-count complaint deals with the false claims act while the remaining counts seek damages under a variety of common law grounds. The court holds that the civil action cannot, under either the pecuniary purpose test or the public policy test, properly be characterized as an enforcement of police or regulatory powers but is merely an action for damages. While the government has articulated a public policy reason for continuing the action, the court is not convinced that the reason propounded is the government's primary motivation.

The government asserts that the civil action was commenced to locate substandard metals and protect members of the Armed Forces. Neither the complaint in the civil action nor the stipulated facts support this contention. Indeed, the government has known of this problem for at least a year and has had an opportunity to depose the debtors on two previous occasions, the first of which was in September of 1984. This belies the government's contention that the civil action must be pursued immediately to determine the information. They have been pursuing it for over a year and can pursue it in the bankruptcy action. Furthermore, the government stated that it is likely that the debtor will enter a consent judgment. In that eventuality, or in the event of a default judgment, the government would have no opportunity to discover this information from the debtors outside the bankruptcy process.

The civil action affects only the litigants before the district court in Philadelphia. It does not purport to stop any continuing misconduct by the debtor Mr. Wellham, who is no longer providing material to the government. Further, it seeks nothing but money damages based on Mr. Wellham's actions of which the government has been aware since at least March of 1984, and it seeks to place the government in an advantageous position vis-á-vis the creditors of the estate.

█ Further, it appears the litigation of the civil action would expend resources of the estate when the claim could be filed in the bankruptcy action for adjudication, possibly without objection, and when the government has to file a § 523 action in the bankruptcy case on the same facts which are in dispute in the civil action. The movant, as a creditor of the debtors' estates, would have the right to examine the debtors in a Rule 2004 examination and would have the right, upon the filing of a § 523 proceeding, to full discovery as provided under the Federal Rules. Accordingly, no cause exists to lift the automatic stay since the government can avail itself of the protections of this court to expeditiously gain the needed information.

The court hereby ORDERS, ADJUDGES, and DECREES that the movant is STAYED under 11 U.S.C. § 362 from pursuing its civil action filed prepetition. The court has before it, as stipulated proof, the affidavit of James Wellham, who has "been working hand-in-hand and cooperating fully with the Department of Defense" to determine where the suspect materials are located. In order to ensure this cooperation continues and to avoid any possible harm to members of the Armed Forces, the court will, pursuant to 11 U.S.C. § 105 (B.C.D. 1984), order the debtors to answer any written discovery requests within 10 days of receipt and to submit to a Rule 2004 examination if such discovery relates to the substandard metals supplied to the government. The movant shall have the right to take this or any other Rule 2004 examinations regarding the subject materials at any time.

IT IS, THEREFORE, SO ORDERED.