In re SAM DAILY REALTY,
INC., Debtor.

SAM DAILY REALTY, INC., Plaintiff,

v.

DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS, STATE OF HAWAII and Russell S. Nagata, in his capacity as Director of the Department of Commerce and Consumer Affairs, State of Hawaii, Defendants.

Bankruptcy No. 84–00542.
Adv. No. 85–0173.

United States Bankruptcy Court,
D. Hawaii.

Dec. 10, 1985.

Terry L. Day, Honolulu, Hawaii, for plaintiff.

Clifford Higa, Honolulu, Hawaii, for defendants.

## MEMORANDUM DECISION ON EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR PRELIMINARY INJUNCTION

JON J. CHINEN, Bankruptcy Judge.

The facts of this case are largely undisputed. Sam Daily Realty, Inc. (hereinafter "Daily"), filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on November 11, 1984.

On or about March 2, 1984, the Department of Commerce and Consumer Affairs, State of Hawaii (hereinafter "DCCA") initiated administrative proceedings before the Real Estate Commission, Professional & Vocational Licensing Division ("Commission"). As a result of these proceedings, the Commission issued a Final Order on April 26, 1985, suspending Daily's real estate corporation's license for two years and issued a fine of $5,000.00, payable within thirty days of the Order.

Daily refused to comply with the demand for payment of the $5,000.00 fine, claiming that the administrative proceedings were stayed under 11 U.S.C. § 362(b)(4) and (5). Subsequently, DCCA instituted further disciplinary action against Daily for failure to pay the $5,000.00 fine.

On August 13, 1985, Daily filed a Complaint for Injunctive Relief and Ex Parte Motion for Temporary Restraining Order. Pursuant to 11 U.S.C. § 105, on August 20, 1985, the court issued a stay on all state court proceedings until the court enters judgment on the Complaint for Injunctive Relief.

The issue presented is whether DCCA's actions come strictly within the police or regulatory power of the state; or whether a portion of DCCA's actions is an attempt to enforce a money judgment.

### A. *Automatic Stay.*

The resolution of this dispute depends, in part, on the interpretation of 11 U.S.C. § 362 and subsections 362(b)(4) and (5), which provides in pertinent part:

§ 362 Automatic stay

(a) Except as provided in subsection (b) of this section, a petition operates as a stay, applicable to all entries, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(b) The filing of a petition ... does not operate as a stay—

. . . .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

The general policy behind this section is to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent the dissipation of the debtor's assets before orderly distribution to creditors can be effectuated. *Penn Terra Ltd. v. Dept of Environmental Resources, Commonwealth of Pennsylvania,* 733 F.2d 267 (1984).

The legislative history is clear that § 362 was intended to extend to governmental entities as well as private ones:

With respect to stays issued under other powers, or the application of the automatic stay, to government actions, this section and the other sections mentioned are intended to be an express waiver of sovereign immunity of the Federal Government, and the assertion of the bankruptcy power over State governments under the supremacy clause notwithstanding a State's sovereign immunity.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 51, 1978 U.S.Code Cong. & Ad.News 5787, 5837; H.Rep. No. 95–595, 95th Cong., 2d Sess. 342, 1978 U.S.Code Cong. & Ad.News 5963, 6299.

Subsections 362(b)(4) & (5) provide several statutory exceptions for proceedings or actions by governmental units to enforce their police or regulatory powers. The legislative history of § 362(b)(4) provides:

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a government unit is suing a debtor to stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such laws, the action is not stayed under the automatic stay.

S.Rep. No. 95–989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S.Code Cong. & Ad.News at 6299.

Subsection 362(b)(5), creates a further "exception to the exception," in that actions to enforce money judgments are affected by the automatic stay, even if they are in furtherance of the State's police power. The legislative history of § 362(b)(5) provides:

Paragraph (5) makes it clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it prefer-

ential treatment to the detriment of all other creditors.

S.Rep. No. 95–989 at 42, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S.Code Cong. & Ad.News at 6299.

B. *DCCA's Actions in Obtaining a Suspension of Daily's License and a Fine of $5,000.00 Against Daily.*

█ Legislative history and court decisions interpreting § 362(b)(4) enunciate a distinction between a governmental unit acting in its own pecuniary interest and the government acting in furtherance of its police power. *In re Porter,* 42 B.R. 61 (Bkrtcy.1984); *In re Thomassen,* 15 B.R. 907 (Bank App Panel 9th Cir, 1981); *Penn Terra Limited v. Department of Environmental Resources, Commonwealth of Pennsylvania, supra.* Under the ("pecuniary purpose") test, only those governmental actions which are actually required in the public interest are exempt from the automatic stay, while those which result in economic advantage, the equivalent of a preference to the governmental unit, are not. State and local governmental units cannot, by an exercise of their police or regulatory powers, subvert the relief afforded by the bankruptcy laws. *In re Thomassen, supra* at 909.

█ It is clear that DCCA's proceedings before the Real Estate Commission do not frustrate the purposes or processes of the Bankruptcy Code. DCCA's interest in this matter is in punishing misconduct and preventing future acts of the type Daily has been accused. Both Senate and House committee reports on the Bankruptcy Reform Act specifically acknowledge the state's power to protect health, safety and welfare of the public. The actions of DCCA falls squarely within the state's police and regulatory powers.

C. *DCCA's Actions to Enforce a Money Judgment.*

Having decided DCCA's actions in obtaining the fine against Daily is a valid exercise of the state's police or regulatory power, it must next be determined whether the judgment sought to be enforced is a money judgment and therefore stayed under § 362(b)(5).

█ Section 362 indicates a clear intent to permit governmental units to enforce their police power despite the filing of a bankruptcy petition, but denies those units the power to collect "money judgments" in their enforcement efforts.

█ A money judgment is an order entered by the court or the clerk, after the verdict has been rendered for the plaintiff, which adjudges that the defendant shall pay a sum of money to the plaintiff. *Penn Terra Ltd., supra* at 275. Essentially, it need consist of only two essential elements: (1) an identification of the parties for and against whom the judgment is being entered, and (2) a definite and certain designation of the amount of which plaintiff is owed by defendant. *Id.* See generally 49 C.J.S. *Judgments,* §§ 71–82 (describing proper form of money judgment). Mere entry of a money judgment by a governmental unit is not affected by the automatic stay. However, a proceeding to enforce that money judgment is stayed under § 362(b)(5).

█ The Real Estate Commission's Final Order suspending Daily's license for two years is not a money judgment and therefore, its enforcement is permitted under Bankruptcy Code §§ 362(b)(4) and (5). However, the $5,000.00 fine is an entry of a money judgment since it adjudges that Daily pay a sum of money to the State. DCCA's attempt to compel payment through further disciplinary action is an attempt to enforce a money judgment and is stayed under § 362(b)(5).

DCCA states that § 362(b)(5) is not applicable to the facts of this case contending that said section limits its provisions to the circumstances described in § 362(a)(2). Sections 362(a)(2) speaks only of judgments obtained against the debtor's or estate's property before the commencement of a bankruptcy proceeding. DCCA claims that the fine allegedly being enforced was ob-

tained after the commencement of Daily's petition for bankruptcy and therefore, § 362(b)(5) presents no obstacle in enforcing payment. This contention is without merit.

In construing an Act against the background of its purpose, courts are guided by a traditional canon of statutory construction:

> [A] thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. *Church of the Holy Trinity v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892); *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 849, 95 S.Ct. 2051, 2059, 44 L.Ed.2d 621 (1975).

While within the letter of the law DCCA's "literal approach" to interpreting § 362(b)(5) is not within the spirit of the law, nor within the intention of Congress and is therefore rejected.

■ The purpose of limiting § 362(b)(5) to enforcement of judgments obtained before the filing of bankruptcy is to ensure that regulatory authorities may respond to continuing or threatened misconduct within their jurisdiction, as opposed to remedies for past violations. H.Rep. No. 595, 95th Cong., 1st Sess. at 174–75 (1977). The automatic stay provisions were never meant to place a bankrupt above and beyond the reaches of state regulatory law. *Matter of Nat'l Hospital & Institutional Builders Co.*, 9 B.R. 948 (S.D.N.Y.1981)

■ In the case at hand, however, all violations by Daily occurred pre-petition. Although judgment was entered post-petition, the underlying purpose was to punish Daily for violations occurring before the filing of petition for bankruptcy. The rational for limiting § 362(b)(5) to pre-petition judgments is inapplicable to the case at hand (given the facts presented). Overall legislative intent supports the application of § 362(b)(5) where post-petition judgments are rendered as a result of pre-petition violations. *See* H.Rep. No. 95–595, at 343; S.Rep. 95–989, at 52. Further,

adopting DCCA's position would give the governmental unit preferential treatment to the detriment of all other creditors, contrary to Congressional intent. *See* H.Rep. No. 95–595, at 343; S.Rep. 95–989, at 52. The application of § 362(b)(5) should not turn on whether the judgment is entered pre-petition or post-petition, but rather, the intended purpose. To permit DCCA to proceed with its actions to compel payment of the $5,000.00 fine for a pre-petition violation would subvert the purposes of the Bankruptcy Code to rehabilitate debtors and to give them relief from harassing creditors.

In addition, Sec. 105(a) of the Bankruptcy Code provides as follows:

> (a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

■ The Court finds it appropriate in this case that it exercises its Section 105 power to permanently enjoin DCCA from enforcement of its money judgment for violations occuring before the filing of the petition in bankruptcy. This is to avoid a preferential treatment of DCCA, and to provide for the orderly distribution to all creditors, which is the intent of the Bankruptcy Code.

Based on the foregoing,

IT IS HEREBY ORDERED that by reason of § 362(b)(4), the administrative procedures involved in the license revocation and the assessment of a $5,000.00 fine against Sam Daily Realty, Inc. are excepted from the automatic stay provisions of § 362(a) of the Bankruptcy Code.

IT IS FURTHER ORDERED that under § 362(b)(5) such exception does not extend to permit enforcement of a money judgment, and that the Department of Commerce and Consumer Affairs is enjoined from all proceedings attempting to enforce the payment of the $5,000.00 fine assessed against Sam Daily Realty, Inc.