**In re Richard HANSON, Debtor.**

**Bankruptcy No. 86–04626.**

United States Bankruptcy Court, E.D. Wisconsin.

March 18, 1987.

Richard Hanson, Milwaukee, Wis., pro se.

John B. McCarthy, Madison, Wis., for the Supreme Court.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

The debtor, an attorney, filed a petition under chapter 13 of the Bankruptcy Code on October 28, 1986. Appearing pro se, he has now filed a motion asking that sanctions be imposed against the Wisconsin Supreme Court and the Wisconsin Board of Attorneys Professional Responsibility for violation of § 362(a) of the Bankruptcy Code, in that they are attempting "... to collect, assess or recover a claim against the debtor that arose before commencement of the case under this title."

In discharging its constitutional responsibility to supervise the practice of law and protect the public from professional misconduct by members of the bar, the Wisconsin Supreme Court has enacted a code of professional responsibility in Chapter 20 of its Rules (SCR 20). The code consists of three separate but interrelated parts: canons, ethical considerations and disciplinary rules. The disciplinary rules, which are mandatory in character, "state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action." SCR 21 establishes the Board of Attorneys Professional Responsibility as an arm of the court to assist the court in the enforcement of attorneys professional responsibility.

In disciplinary proceedings, the board may file with the supreme court a formal complaint against an attorney which may ultimately result (SCR 21.06) in revocation of an attorney's license to practice law (disbarment); suspension and imposition of conditions upon seeking reinstatement; monetary payment; public or private repri-

mand; or conditions upon the continued practice of law. With respect to "monetary payment", all costs of the proceeding are paid by a state appropriation (SCR 21.-12), but the court may recoup by assessing and entering judgment for all or part of the costs of the proceeding against the attorney (SCR 22.20), and in appropriate cases, the court's order might direct payment of restitution to the attorney's clients.

The debtor's motion does not recite the exact nature of the claim which the respondents are allegedly attempting to "collect, assess or recover," but documents attached to the motion show that he is the subject of disciplinary proceedings which were brought by the Board of Attorneys Professional Responsibility, that these proceedings are presently pending before the Wisconsin Supreme Court, and that one of the disciplinary actions under consideration by the court is assessment of the costs of the proceeding against the debtor.

■ The debtor's motion is blatantly frivolous. The proceedings before the Wisconsin Supreme Court involving the debtor are clearly excepted from the automatic stay of § 362(a) by virtue of §§ 362(b)(4) and (5) of the Bankruptcy Code. Subsection (4) excepts "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," and subsection (5) excepts "the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." *In re Tauscher*, 7 B.R. 918 (Bk ED WI 1981); *In re Mansfield Tire & Rubber Co.*, 660 F.2d 1108 (6th Cir., 1981); *In re Herr*, 28 B.R. 465 (Bk ME 1983); *Penn Terra Ltd. v. Dept. of Environmental Resources*, 733 F.2d 267 (3rd Cir.1984); *In re Sam Daily Realty, Inc.*, 57 B.R. 83 (Bk HI 1985); *In re Lenz Oil Service, Inc.*, 65 B.R. 292 (Bk ND IL 1986). Congress intended that these exceptions be broadly construed. *Mansfield Tire & Rubber Co.*, supra.

■ The foregoing cases set out and discuss in detail the legislative history of these sections of the Code, and they show clearly and without question that Congress never intended disciplinary proceedings such as these to be stayed by § 362. The purpose of the proceedings—to supervise the practice of law and to protect the public from professional misconduct—constitutes a valid exercise of the state's police or regulatory powers. The proceedings plainly fall within the exception to the automatic stay provisions of the Bankruptcy Code, and the court is free to continue with its proceedings involving the debtor to and including the entry of a disciplinary order. The order may include conditions for the continued practice of law, provision for the assessment and entry of a money judgment for costs, and, if appropriate, payment of restitution to the debtor's clients.

It appears that the practical effect of the exceptions to stay is to permit the court to carry on with a disciplinary proceeding in the ordinary manner, as provided in the court's rules, to a conclusion, since the court's proceedings are generally concluded with the entry of its order. Thereafter, it is the attorney who must act in compliance with the conditions laid down by the court's order, since an application by the attorney for reinstatement must recite that he has done so. An exception would be any action to collect a money judgment for costs. Under the "exception to the exception" contained in § 362(b)(5), enforcement of a judgment for costs would be subject to the automatic stay of § 362(a). *In re Mansfield Tire & Rubber Co.*, supra.

An order will be entered dismissing the debtor's motion for the imposition of sanctions.