**In re Gerald U. REYES a/k/a Gerald A. Reyes a/k/a Jerry A. Reyes, Debtor.**

**Bankruptcy No. 97–3106–RLB–13.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

June 9, 1997.

---

E. Franco Upano, Upano Law Offices, Greenwood, IN, for Debtor.

Thomas P. Gannon, Office of University Counsel, Indianapolis, IN, for Creditor/Trustees of Indiana University.

### ENTRY ON MOTION TO DETERMINE IF AUTOMATIC STAY IS APPLICABLE

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion to Determine if Automatic Stay is Applicable to Administrative Proceeding to Terminate Contract of Appointment of Debtor Herein a Medical Intern ("Debtor's Motion"), filed by Gerald U. Reyes ("Debtor") on May 30, 1997. The Trustees of Indiana University, by counsel ("University") filed a response ("Response") to the Debtor's Motion on June 6, 1997. The Court, having reviewed the Debtor's Motion and the Response, now makes the following Entry.

The Debtor filed a petition under Chapter 13 on March 21, 1997. The Debtor is currently a medical intern in the Department of Psychiatry at the Indiana University School of Medicine.

The Debtor's position as an intern in the Department of Psychiatry is being disputed by the parties. In late April of 1997, a Dr. Stuart Kleit sent the Debtor a letter informing the Debtor that Dr. Kleit would recommend that the Debtor's appointment as an intern be terminated. A hearing concerning the proposed termination was set for June 7, 1997.

By the instant Debtor's Motion, the Debtor asks the Court to determine that the June 7, 1997 hearing, if held, will constitute a violation of the automatic stay. According to the Debtor, the June 7, 1997 hearing is an "administrative hearing" that, pursuant to 11 U.S.C. § 362(a)(1), may not go forward unless the University first obtains relief from the stay.

Section 362(a)(1) provides as follows:

(a) Except as provided in subsection (b) of this section, a [bankruptcy] petition ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation ... of a judicial, *administrative*, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

(emphasis added)

■ The University argues that Section 362(a)(1) does not apply to the hearing in issue here. Having reviewed the pleadings before the Court, it is the conclusion of the Court that the proposed hearing is not the type of administrative hearing that Section 362(a)(1) was intended to regulate. The entire thrust of Section 362(a) is to stop all debt collection proceedings. Of primary importance to the Court's decision is the fact that the University is not attempting to collect a debt. The University is simply gathering facts to enable it to determine whether the Debtor's relationship with the University should be terminated.

■ The University further argues that the proposed hearing falls within the Section 362(b)(4) exception for exercises of police or regulatory power. Section 362(b)(4) provides as follows:

(b) The filing of a petition ... does not operate as a stay—

. . . .

(4) ... of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

*Cf. In re Hanson,* 71 B.R. 193 (Bankr.E.D.Wis.1987)(attorney disciplinary hearing brought against debtor fell within police power exception to automatic stay); *In re Thomassen,* 15 B.R. 907 (9th Cir. BAP 1981)(license revocation proceeding brought against debtor by Board of Medical Quality Assurance fell within police power exception to automatic stay).

The University's argument is well taken. The policies furthered by Section 362(b)(4) are furthered here by allowing the proposed hearing to go forward. The University is

charged with protecting the public health, and is charged with certifying to accrediting bodies that persons such as the Debtor have met all the requirements of the University's training program. Moreover, Indiana Code Section 20–12–1–2(4) empowers the University to dismiss, suspend, or punish students or employees who violate the University's rules or standards of conduct. The hearings proposed to determine whether the Debtor should remain as an intern in the Department of Psychiatry, fall within the exercise of the University's regulatory powers, as granted by Indiana Code Section 20–12–1–2(4).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Debtor's Motion be, and hereby is, DENIED. The Court hereby DECLARES that the holding of the hearing currently set for June 7, 1997, will not constitute a violation of the automatic stay.