UNITED STATES of America, Plaintiff,

v.

ENERGY INTERNATIONAL, INC., Defendant.

No. C–1–80–452.

United States District Court, S. D. Ohio, W. D.

Nov. 16, 1981.

Nicholas Pantel, Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff.

Alvin J. Savinell, Steubenville, Ohio, for defendant.

## MEMORANDUM AND ORDER

DAVID S. PORTER, Senior District Judge:

### MEMORANDUM

This is an action by the United States to collect a civil penalty assessed by the Department of the Interior, Office of Surface Mining, against defendant Energy International, Inc., for numerous violations of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 et seq. It is presently before this Court on plaintiff's motion for summary judgment (doc. 9), which is unopposed.

The following facts, as set forth in the affidavits and exhibits attached to the government's memorandum in support of its motion are undisputed. Defendant is subject to the strictures of the Act. Notice was given to defendant of a number of violations of the Act, occurring on December 12, 1978. A proposed assessment of civil penalty was issued to defendant and received by it in January of 1979. Although defendant failed to forward the amount of the proposed assessment, an assessment conference was held in June of 1979 with the defendant present. As a result of that conference, the proposed penalty was reduced from $25,300 to $15,800. In April of 1980, a final order requesting the penalty to be paid as reassessed was issued and received by the defendant. In May of 1980, a letter of final demand was issued and received by the defendant. Defendant has failed to pay, or forward for deposit in escrow, the amount of the assessed penalty.

On November 10, 1980, defendant filed a petition in the United States Bankruptcy Court, Southern District of Ohio, Case No. 2–80–04278.

Inasmuch as defendant has waived all legal rights to contest its violation of the Act or the amount of the penalty assessed against it by failing to forward the amount of the penalty to the Secretary pursuant to 30 U.S.C. § 1268(c), the only issue before this Court is whether defendant's petition in bankruptcy operates as an automatic stay of continuance of this action.

The Bankruptcy Code provides that "a petition . . . operates as a stay, applicable to all entities, of—the . . . continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . ." 11 U.S.C. § 362(a)(1). Nevertheless, § 362(b)(4) exempts from the automatic stay of subsection (a)(1) "an action or proceeding by a governmental unit to enforce [its] police or regulatory power." Because this action by the United States to collect a civil penalty is one to enforce its regulatory power, it is not stayed.

### ORDER

Accordingly, there being no factual dispute as to the defendant's liability for the penalty assessed against it, judgment is hereby entered in favor of the plaintiff and against the defendant in the amount of $15,800.00.

So ordered.