**In re LENZ OIL SERVICE, INC., Debtor.**

**Bankruptcy No. 86 B 5315.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 30, 1986.

John Werner, Clarendon Hills, Ill., for debtor.

Cary Costentino, Asst. Atty. Gen., Environmental Control Div., Chicago, Ill., for State of Ill.

## MEMORANDUM OPINION AND ORDER GRANTING STATE'S MOTION EXCEPTING ITS PENDING ENVIRONMENTAL SUIT FROM STAY

JACK B. SCHMETTERER, Bankruptcy Judge.

This cause comes before the Court on the motion of the State of Illinois for an Order excepting its pending environmental suit from the automatic stay. For the reasons set forth below, the motion is granted.

### State Court Litigation

On May 16, 1985, the State of Illinois filed an eight count Complaint for Injunctive Relief and Civil Penalties naming Lenz Oil Service, Inc. ("Debtor") and Charles Russell, its President, as defendants. The action was commenced in the Circuit Court for the Eighteenth Judicial Circuit (Case No. 85 CH 0466).

The State's suit was founded upon Debtor's alleged violations of the Illinois Environmental Protection Act, Ill.Rev.Stat. ch. 111½ pars. 1001 *et seq.*, the Rules and Regulations of the Illinois Pollution Control Board, 35 Ill.Adm.Code 201.142 *et. seq.*, the Illinois Public Nuisances Act, Ill.Rev.Stat., ch. 100½, par. 26, and Debtor's maintenance of a common law public nuisance.

In that suit, an Agreed Order was entered on May 22, 1985 which obligated and ordered the Debtor to prepare and then implement plans for immediate and long-term remedial action to address and eliminate the existing contamination of its business property. The State contends that Debtor never complied with the terms of that Agreed Order.

On April 4, 1986, Debtor and its President Charles Russell filed separate Chapter 7 petitions. As a result of those bankruptcy filings, the Circuit Court Judge placed the pending state action on inactive status. That Judge informed the parties that the case would remain on inactive status until such time as the Bankruptcy Court determined that the automatic stay was not applicable to the State's case. The State, on August 7, filed this motion seeking to except its suit from the automatic stay.

## DISCUSSION

The question before this Court is whether the automatic stay applies to a State's environmental protection suit against a Chapter 7 Debtor for alleged violations of state environmental law, and to seek implementation of clean-up orders entered therein.

### *Bankruptcy Code § 362*

Pursuant to 11 U.S.C. § 362(a), filing a petition in bankruptcy invokes the automatic stay which prevents the commencement or continuation of judicial and other proceedings against debtor or property of the estate. However, Congress has created several exceptions to the stay in § 362(b) which provides in pertinent part:

(b) The filing of a petition under Section 301, 302, 3030 of this title does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power:

(5) under subsection (a)(2) of this section, of the enforcement of a judg-

ment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power....

The purpose of the 362(b)(4) exception is explained in the legislative history of the Code:

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.

S.Rep. No. 95–989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S. Code Cong. & Ad.News at 6299 (emphasis added).

The Supreme Court recently reaffirmed this interpretation of the § 362(b)(4) exception in *Midatlantic National Bank v. New Jersey,* —— U.S. ——, 106 S.Ct. 755, 761, 88 L.Ed.2d 859 (1986) where it stated that while "§ 362(a) has been described as 'one of the fundamental debtor protections provided in the bankruptcy laws' ... [i]t is clear from the legislative history that one of the purposes of [the (b)(4) ] exception is to protect public health and safety."

However, an "exception to the exception" is provided in § 362(b)(5) which prohibits enforcement of money judgments against the debtor even if such action is brought pursuant to the police or regulatory power of the state. As the legislative history indicates:

Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and

since they constitute a fund out of which all creditors are entitled to share, enforcement by a government unit of a money judgment would give it preferential treatment to the detriment of all other creditors.

S.Rep. No. 95–989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S.Code Cong. & Ad.News at 6299.

From a reading of the relevant Code sections and their corresponding legislative history, it is evident that the automatic stay does not prohibit regulatory actions seeking injunctions and fixing fines and penalties for violations of regulatory statutes. However, the stay is operative where the state attempts to enforce a money judgment.

The policy behind this "police or regulatory exception" to the automatic stay is "to prevent the bankruptcy court from becoming a haven for wrongdoers." *Commodity Futures Trading Comm. v. Co Petro Marketing*, 700 F.2d 1279, 1283 (9th Cir.1983). The exceptions provided in § 362(b)(4) and (b)(5) are narrowly construed "to apply to the enforcement of state laws affecting health, welfare, morals and safety, but not to regulatory laws that directly conflict with the control of the *res* or property by the bankruptcy court." *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 555 (7th Cir.1985).

Not every order which requires the expenditure of money, is a "money judgment," however. If courts were to find that any order which required the expenditure of money is a "money judgment" as per § 362(b)(5) "then the exception to § 362 for government police action ... would be narrowed into virtual nonexistence.... [A]lmost everything costs something. An injunction which does not compel some expenditure or loss of monies may often be an effective nullity." *Penn Terra Ltd. v. Dept. of Environmental Resources*, 733 F.2d 267, 277–78 (3d Cir.1984).

## The Environmental Protection Suit as an Exercise of Police Power

In the instant case, it is clear that the State's pending environmental enforcement suit constitutes an exercise of the State's police power. The suit is brought pursuant to the Illinois Environmental Protection Act, Ill.Rev.Stat. ch. 111½, ¶ 1001 et seq. (1985), the Illinois Public Nuisances Act, Ill.Rev.Stat. ch. 100½, ¶ 26 (1983), and the Illinois Pollution Control Board's Rule and Regulations, 35 Ill.Adm.Code. 201.142 et seq. Through the suit the State seeks to force Debtor to implement immediate and long term remedial action to rectify alleged harmful environmental hazards. "No more obvious exercise of the State's power to protect the health, safety, and welfare of the public can be imagined. Indeed, both the Senate and the House Committee reports on the Bankruptcy Reform Act explicitly acknowledge environmental protection as a part of the State's police power." *Penn Terra, Ltd. v. Dept. of Environmental Resources*, 733 F.2d 267, 274 (3d Cir. 1984).

Debtor contends, however, that the § 362(b)(4) exception to the automatic stay does not apply to the State's pending suit because (1) the Debtor has filed a Chapter 7 petition, and (2) Debtor has ceased operations. Debtor argues that because it is no longer "engaged in the business of transporting, storing and transferring waste oil products and solvents" the injunctive relief the State seeks is moot. Debtor's mootness argument is shortsighted. Generally, an action is considered "moot" when it no longer presents a justiciable controversy because the issues involved have become academic or dead. *Sigma Chi Fraternity v. Regents of University of Colorado*, 258 F.Supp. 515, 523 (D.Col.1966). That is clearly not the case here. The state court suit alleges that Debtor's business activities over a period of time resulted in contamination of Debtor's business property and surrounding areas; that Debtor, by continuing to permit the source of contamination to exist, is further polluting the area; and that Debtor failed to carry out

the clean-up required by Agreed Order. Thus, the Debtor's filing bankruptcy and the resultant cessation of business operations does not render moot the State's case against it. The controversy, like the pollution itself, is neither academic nor moot.

### Definition of the Term "Enforcement of a Money Judgment"

■ Notwithstanding the finding that the State's environmental enforcement suit is an exercise of the State's police power, if the suit is in fact an attempt to enforce a money judgment, it falls outside the § 362(b)(4) exception. Section § 362(b)(4) "extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment." H.R.Rep. at 343, 1978 U.S. Code Cong. & Ad.News at 6299. "Since the assets of debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors. *Id.* A suit however, "attempting to fix damages for violation of ... [an environmental protection] law is not stayed." *Id.*

In the instant case, it seems clear that if the State prevails in the pending environmental action, and if the state court imposes civil penalties, any attempt by the State to collect those penalties would be an attempt to enforce a money judgment. However, at this point in the proceedings such concerns are premature. The State is seeking only the right to proceed to judgment against the Debtor. Thus, the State seeks only the entry of a money judgment, not the enforcement thereof.

In a case with facts very similar to the facts in the instant case, Judge Decker of this District Court held that § 362(b)(4) excepts from the automatic stay a suit to obtain the entry of a money judgment, although the exception of § 362(b)(5) does not permit the enforcement of such a money judgment. *Illinois v. Electrical Utili-*

*ties,* 41 B.R. 874 (N.D.Ill.1984). In *Electrical Utilities,* the State charged a company with dumping PCBs in violation of federal environmental law. The state suit sought to enjoin the company from further PCB disposal and to require the company to remove any PCBs previously dumped. Similar to the instant case, after initiation of the suit in state court but before judgment was rendered, the company filed for bankruptcy. In rejecting the argument that the state court suit was no more than an attempt to get a money judgment and therefore fell outside the § 362(b)(4) exception, Judge Decker stated:

> The distinction between entry and enforcement of a money judgment is clear. The first is free of the automatic stay; the second is stayed. Congress allows governmental units to get money judgments in pursuit of their police power, but forces them to wait in line like all other creditors to get the judgment enforced. This suit asks first for injunctive relief. It also asks for the court to require defendants to reimburse the State for studies regarding the site and for the cost of this suit. The [State's environmental protection] suit is not for the enforcement of a money judgment or for enforcement of an injunction requiring [Debtor] to spend money. If and when the State gets a judgment against [Debtor] requiring it to expend resources, the State will become a creditor like those presently before the bankruptcy court. Until then, it is a governmental unit exercising its power to protect the Illinois environment.

41 B.R. 874, 877 (N.D.Ill.1984). *See also United States v. Energy International, Inc.,* 19 B.R. 1020 (S.D.Ohio 1981) (where Department of Interior sought a civil penalty for violations of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 *et seq.*, held: the action was excepted from the automatic stay provision as an action to enforce regulatory powers of the United States).

Thus, the contention that the State's suit is in reality an attempt to enforce a money

judgment is premature. Because the state court suit is exempt from the stay under § 362(b)(4), the State must be permitted to seek *entry* of a judgment against Debtor in state court regardless of any questions concerning the enforceability of such judgment at some later point.

### Dischargeability of Prospective Debt

Debtor also argues that this Court should deny the State's motion to modify stay because the civil penalties that the State seeks are dischargeable in bankruptcy. To support this claim, Debtor relies on *Ohio v. Kovacs,* 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985). Debtor's argument is again premature, however. In *Kovacs,* the Supreme Court held that the obligation of a debtor to comply with a state court injunction requiring it to clean up a hazardous waste disposal site was a "debt" or "liability on a claim" that was dischargeable in bankruptcy. In reaching this conclusion, however, the Supreme Court distinguished orders enforcing state regulatory statutes which require affirmative action, from judgments awarding mere pecuniary relief from a receiver in bankruptcy. The Court stated:

> The State relies on *Penn Terra, Ltd. v. Dept. of Environmental Resources,* 733 F.2d 267 (CA3 1984). There the Court of Appeals for the Third circuit held that the automatic stay provision of 11 U.S.C. § 362 did not apply to the State's seeking an injunction against a bankrupt to require compliance with the environmental laws. This was held to be an effort to enforce the police power statutes of the State, not a suit to enforce a money judgment. But in that case, there had been no appointment of a receiver who had the duty to comply with state law and who was seeking money from the bankrupt. The automatic stay provision does not apply to suits seeking to enforce the regulatory statutes of the State, but the enforcement of such a judgment by seeking money from the bankrupt ... is another matter.

> *Kovacs,* 469 U.S. at 283, n. 11, 105 S.Ct. 711, n. 11, 83 L.Ed.2d. at 658, n. 11.

Admittedly, the State court suit seeks to assess civil penalties against the Debtor. However, any question regarding the dischargeability of an as yet unknown and undetermined damage claim cannot now be addressed. As provided in the § 362(b)(4) exception, the State can be permitted to seek the entry of a judgment against Debtor regardless of whether that judgment might be found to be dischargeable at some future point. Since no judgment has yet been rendered, however, this Court need not address the dischargeability issue at this time.

Apart from the question of the State's power to enforce a potential judgment for civil penalties, there is the additional question whether the State can continue to seek to enforce the Agreed Order entered in state court on May 22, 1985.

In a case involving similar facts and the effect of the § 362(b)(4) and (b)(5) exceptions, the Third Circuit stated that the proper approach for a court to determine whether an injunction is an equitable remedy, or in its application a money judgment, is to focus on "the nature of the injuries which the challenged remedy is intended to redress—including whether plaintiff seeks compensation for past damage or prevention of future harm ..." *Penn Terra,* 733 F.2d at 278. Generally, compensatory relief is granted to make a party whole by compensating for any loss that may have been sustained. *See,* D. DOBBS, REMEDIES § 3.1, at 135 (1973) (money judgment intended to make up for loss suffered by plaintiff); *see also Atchison, T. & S.F.Ry. v. Jarboe Livestock Comm'n.,* 159 F.2d 527, 530 (10th Cir.1947) (theory behind money damages is compensation of losses). Preventive relief, on the other hand, is aimed at precluding future injury or harm, and in cases in which such relief is appropriate, mere money judgments cannot furnish adequate relief. *See, Home Placement Service, Inc. v. Providence Journal Co.,* 573 F.Supp. 1423, 1428 (D.R.I.1983) ("sole function of ... injunction ... to forestall future violation").

In the instant case, it is clear that the relief which the State sought in the Agreed Order was not primarily designed to compensate for wrongful acts which had already resulted in injuries. Rather, the main purpose of the relief sought was prospective: only if the old wastes were cleaned up and new waste deposits prevented could the potential future harm be prevented. Thus, the Agreed Order sought not compensation as such, but affirmative action both to clean up old harm and prevent future harm. This is not enough to classify the injunctive relief as a "money judgment." Any other conclusion would narrow the § 362(b)(4) exception for government police action "into virtual non-existence." *Penn Terra*, 733 F.2d 267, 277–78 (3d Cir.1984). Thus, the pre-petition agreed clean-up order and effort to prevent any future pollution is not subject to the automatic stay.

### The Agreed Order Does Not Constitute a Final Judgment

■ Finally, Debtor argues that the Agreed Order entered in the state court action constitutes "relief" thus barring any further proceedings in that court. This argument is without merit. The Agreed Order specifically states that it "shall not be construed as any admission by Defendants or a waiver of any defenses, and shall not be construed as a waiver of any claims by Plaintiffs". Thus, the Agreed Order is not a final judgment as generally understood, but rather an order in the nature of preliminary injunction. A final judgment is one which determines the rights of the parties and disposes of all of the issues involved so that no future action by the court will be necessary. Here, the Agreed Order did not resolve ultimate questions of final relief or liability and therefore cannot be construed as a final order. Thus, the State must be permitted to proceed to a final judgment against Debtor for the injunctive as well as the dollar relief sought, and to seek implementation of the preliminary as well as any final injunctive relief.

## CONCLUSION

IT IS THEREFORE ORDERED that the State of Illinois' Motion for an Order excepting its heretofor pleaded pending environmental enforcement suit from the automatic stay provisions of § 362(a) is granted, provided that no efforts to collect any dollar judgment or to plead for new or other relief or to bring new claims may be undertaken without further leave of this Court.