UNITED STATES of America, Plaintiff,

v.

**ACME SOLVENTS RECLAIMING, INC.,** James B. Day and Company, Barrett Varnish Company, Sheboygan Paint Company, Rockford Coatings Corp., D.C. Franche and Company, Jasper Frank Pumilia and Nicholas J. Pumilia, Defendants.

No. 89 C 7748.

United States District Court, N.D. Illinois, E.D.

April 8, 1993.

Leslie E. Lehnert, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Carol Doyle, Sidley & Austin, John L. Ropiequet, Arnstein & Lehr, Chicago, IL, Jack D. Ward, Reno, Zahm, Folgate, Lindberg & Powell, Robert A. Calgaro, Conde, Stoner & Killoren, Rockford, IL, Gary A. Garside, Chicago, IL, Rolland J. McFarland, Rockford, IL, James A. Vroman, Winston & Strawn, Stephen T. Grossmark, McKenna, Storer, Rowe, White & Farrug, Christopher W. Zibart, Hopkins & Sutter, P.C., Andrew H. Perelis, Coffield, Ungaretti and Harris, Ted S. Helwig, Katten, Muchin & Zavis, Chicago, IL, Robert B. Hurwitz, Delman & Hurwitz, Skokie, IL, Sidney Margolis, Vedder, Price, Kaufman & Kammholz, Ellen L. Patridge, Jenner & Block, Brent I. Clark, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Edward R. Telling, Williams & McCarthy, Rockford, IL, Lisa Marie Anderson, Peterson & Ross, Douglas J. Rathe, Ill. Atty. Gen. Office, Frederic P. Andes, Kirkland & Ellis, John R. Adams, Taylor, Miller, Sprowl, Hoffnagle & Merletti, Daniel C. Murray, Johnson & Bell, Joseph M. Dooley III, Pretzel & Stouffer, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action arises under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). The United States alleges that James B. Day and Company ("Day") arranged for the transport and disposal of hazardous waste materials at the Acme Solvents Superfund site, and that hazardous materials leaked from the site. The government seeks to recover past and future response costs incurred in dealing with the hazardous release.

Since the initiation of the suit in 1989, Day has filed for protection under Chapter 11 of the Bankruptcy Code. The government now seeks a declaration that 11 U.S.C. § 362(a), which automatically stays legal actions against a debtor who has filed for bankruptcy under Title 11 of the United States Code, does not stay the pending action against Day.[1]

### I. Discussion [2]

Section 362(a) acts to automatically stay the commencement or continuation of all actions against a party who files for bankruptcy. 11 U.S.C. § 362(a).[3] The stay is designed to promote the orderly distribution of a debtor's assets. *United States v. ILCO,* 48 B.R. 1016, 1022 (N.D.Ala.1985). However, recognizing that some circumstances require immediate action, Congress created certain exceptions to the automatic stay. *See id.* at 1023 ("Congress did recognize that in some circumstances bankrupt-

---

1. The government correctly points out that it need not file a motion for exemption from the automatic stay, since the exceptions delineated in 11 U.S.C. § 362(b) take effect automatically. *See NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 939 (6th Cir.1986) (The court held that "a governmental unit which determines that its police power or regulatory proceeding is excepted from the automatic stay under § 362(b)(4) is not required to petition the bankruptcy court for relief from the stay prior to continuing its proceeding."). Nonetheless, a declaration that the automatic stay does not apply here will clarify the status of these proceedings.

2. At the outset, we note that this Court has jurisdiction to determine whether a pending action has been stayed by the filing of a bankruptcy petition. *See NLRB v. P*I*E Nationwide Inc.,* 923 F.2d 506, 512 (7th Cir.1991) (without further discussion, court stated that "[t]he applica-

bility of the automatic stay provision is a question of law within the competence of the judiciary"); *NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 939 (6th Cir.1986); *Hunt v. Banker's Trust Co.,* 799 F.2d 1060, 1069 (5th Cir. 1986); *In re Baldwin–United Corp. Litigation,* 765 F.2d 343, 347 (2d Cir.1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending, ... and the bankruptcy court supervising the reorganization.").

3. 11 U.S.C. § 362(a) provides:
   Except as otherwise provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of
   (1) the commencement or continuation, ... of a judicial, administrative, or other action

cy policies were to yield to higher priorities."). Most notably, for our purposes, Congress determined that the stay does not apply to actions by governmental agencies engaged in enforcing their police or regulatory powers. 11 U.S.C. § 362(b)(4).[4]

██ Day argues that the instant action does not implicate the government's police or regulatory powers because it involves the recovery of monetary damages, rather than injunctive relief. Although the question of whether the government's suit for recovery of its response costs is exempt from the automatic stay is one of first impression in this circuit, several other circuits have addressed it. Without exception, every court that has considered the question has determined that environmental enforcement actions fall within the police and regulatory exception of § 362(b)(4), even when the agency seeks its response costs. *See City of New York v. Exxon Corp.*, 932 F.2d 1020 (2nd Cir.1991)[5] (Citing the legislative history of § 362(b)(4), court observed that monetary damages in the form of response costs further the government's exercise of its police power by promoting quick reaction to environmental crises, and held that "governmental actions under CERCLA to recover costs expended in response to completed environmental violations are not stayed by the violator's filing for bankruptcy."); *United States v. Nicolet, Inc.*, 857 F.2d 202 (3d Cir.1988) (because the government brought suit pursuant to its obligations under CERCLA, which authorizes it not only to control hazardous sites, but to recover its response costs, and because the recovery of response costs operates as an additional deterrent to violations, the court found that the EPA was acting in its regulatory capacity and was exempt from the automatic stay); *In*

*re Commonwealth Oil Ref. Co.*, 805 F.2d 1175, 1183–84 (5th Cir.1986).

In concluding that even actions seeking monetary damages fall within § 362(b)(4), courts have looked to the legislative history of the exception, which includes the following:

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety or similar police and regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.

S.Rep. No. 989, 95th Cong., 2d Sess. 52 (1978), *reprinted in* 1978 *U.S.Code Cong. & Admin.News* 5787; H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), *reprinted in* 1978 *U.S.Code Cong. & Admin.News* 5693, 6298. The history reveals, then, that Congress intended actions for both injunctive and monetary relief to be exempt from the automatic stay. *City of New York v. Exxon*, 932 F.2d at 1024 ("[W]e find the legislative history to the automatic stay provision to clearly support the view that Congress meant to except damage actions for completed violations of environmental laws from the action of the stay.").

Both the legislative history of § 362(b)(4) and the persuasive reasoning of other courts who have faced this question prompt a finding that in seeking to recover its response costs incurred in reacting to the environmental hazards presented at the Acme site, the government exercised its police and regulatory powers. According-

---

or proceeding against the debtor that was or could have been commenced before the commencement of this case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor ... or a judgment obtained before the commencement of the case under this title.

**4.** Specifically, 11 U.S.C. § 362(b) provides:
The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay ...

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power....

**5.** *City of New York v. Exxon* is particularly applicable, as it involves a defendant who, like Day, did not have an ownership interest in the contaminated property at issue.

ly, the instant action is exempt from the automatic stay under § 362(b)(4).[6]

## II. Conclusion

For the foregoing reasons, the government's motion is granted. It is so ordered.

---

6. As the government concedes, collection of any money judgment entered will be barred by the automatic stay. 11 U.S.C. § 362(b)(5) ("The filing of a petition ... does not operate as a stay ... (5) under subsection (a)(2) of this section, of the enforcement of a judgment, *other than a money judgment,* obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.").