### In re Michael L. MATEER and M. Denise Mateer, Debtors.

### State of Illinois, Appellant.

### No. 96–3301.

United States District Court, C.D. Illinois, Springfield Division.

March 6, 1997.

John P. Schmidt, Chicago, IL, for appellant.

John H. Germeraad, Springfield, IL, for debtors.

*OPINION*

RICHARD MILLS, District Judge.

Bankruptcy Appeal.

Did the State violate the automatic stay provision?

No.

The bankruptcy court is reversed.

## I. BACKGROUND

On September 14, 1993, the State of Illinois ("State") filed a complaint in the Circuit Court of Christian County, Illinois against MDM Fertilizer, Inc. ("MDM"), a small agrichemical facility located in Sharpsburg, Illinois, alleging violations of the Illinois Environmental Protection Act. Michael Mateer ("Mateer") was a one time shareholder and officer of MDM. Mateer and his wife, M. Denise Mateer, filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 20, 1993.

On October 28, 1993, after learning that MDM was no longer an active corporation, the State sought leave to amend its state court complaint against MDM by adding Mateer and Carl Brockelsby as Defendants[1]. The Amended Complaint alleged violations of the Environmental Protection Act. The State requested three types of relief with respect to each count of the complaint. First, the State sought civil penalties under 415 ILCS 5/42(a) (1994). Second, the State requested that the court enjoin the defendants from further violations of the statutory and regulatory provisions they were alleged to have violated. Third, the State requested that the defendants be ordered, pursuant to 415 ILCS 5/42(f) (1994), to pay the costs incurred by the State in maintaining the action.

On November 1, 1993, after Mateer was served with the amended complaint, he added the Illinois Environmental Protection Agency as a creditor to his bankruptcy. He listed the claim as contingent, unliquidated and disputed. He also filed a Suggestion of Bankruptcy with the Circuit Court in Christian County. On February 1, 1994, the bankruptcy court entered an order discharging Mateer from all dischargeable debt. The next day, the State filed two proofs of claim in Mateer's bankruptcy case. The State described the basis of one proof of claim as "[u]nliquidated civil penalties" and stated that litigation to determine the amount of penalties was ongoing. The other proof of claim asserted a claim for $24,310 for costs incurred by the State in investigating environmental problems at MDM.

The State proceeded with the state court litigation and did not ask the bankruptcy court to lift the automatic stay. On August 4, 1994, the State sought and received leave to file a second amended complaint in state court against MDM, Mateer and Brockelsby. The second amended complaint contained four counts with essentially the same allegations as the first amended complaint. The State also sought the same relief (civil penalties, an injunction prohibiting defendants from future violations, and recovery of reasonable attorney fees and costs).

On September 6, 1994, Mateer filed a motion to dismiss the State's second amended complaint against him, with prejudice, on the basis that the claims asserted by the State were discharged in bankruptcy. In its first response filed October 7, 1994, the State argued that the civil penalties sought in its complaint were non-dischargeable but conceded that its claim for response costs incurred pre-petition was dischargeable.

Mateer filed a memorandum in support of his motion to dismiss on November 10, 1994. In response to this memorandum, the State withdrew its claims for future oversight and investigative costs. Mateer filed his response to the State's pleading on December 20, 1994. His response added the argument that the State had violated the automatic stay.

On February 28, 1995, the state court dismissed the State's complaint with prejudice as to Mateer on the basis that any claim against him was discharged in bankruptcy. The state court also found that the litigation was stayed under both § 362(a)(6) and § 362(a)(2). The state court amended the

---

1. Mateer was the secretary of MDM and a director of the corporation. Brockelsby was a director of MDM and served as its president and treasurer.

dismissal order on May 10, 1995 by adding language that made the order immediately appealable. The State did not file an appeal from that order.

Subsequently, the State filed a motion for voluntary dismissal of the complaint against the remaining defendants because a recent soil sample indicated that the contamination that had prompted the complaint had lessened. The motion was granted on December 8, 1995.

On May 6, 1996, Mateer filed a motion in the bankruptcy court for sanctions against the State. Mateer alleged that the State had willfully violated the automatic stay provision of the Bankruptcy Code by continuing to prosecute its state court environmental enforcement action against him after receiving notice of his bankruptcy. Mateer also alleged that the State had disregarded his February 1, 1994 discharge in bankruptcy. Mateer sought to recover his attorney fees and costs as a result of the alleged violation and sought punitive damages.

The State, in its response, argued that the state court lawsuit was an exercise of its police and regulatory power and was exempt from the stay under 11 U.S.C. § 362(b)(4). The State also argued that the injunctive relief sought was not a "claim" as defined by 11 U.S.C. § 101(5). The State failed to appear at the hearing on June 10, 1996. The bankruptcy court heard testimony from the Debtor and then took the proceeding under advisement. In its order dated August 14, 1996, the bankruptcy court found that the State willfully violated the automatic stay and assessed actual damages of $2,000.00 against the State. It determined that the evidence did not support an award of punitive damages.

On August 22, 1996, the State filed a motion to alter or amend judgment. The bankruptcy court denied the State's motion to alter or amend judgment in an Order dated October 24, 1996. The State filed a timely notice of appeal on October 30, 1996.

## II. LEGAL STANDARD

■ In reviewing a decision of the bankruptcy court, this Court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. *Matter of Generes*, 69 F.3d 821, 824 (7th Cir.1995). Conclusions of law by the bankruptcy court, however, must be reviewed *de novo*. *Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir.1994). The applicability of the automatic stay provision is a question of law. *N.L.R.B. v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir.1991), citing *N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 938–39 (6th Cir.1986). Thus, this Court will review the decision of the bankruptcy court *de novo*.

## III. ANALYSIS

The issue on appeal is whether the bankruptcy court correctly decided that the State's action violated the automatic stay provision [2]. 11 U.S.C. § 362(a) lists the acts that are stayed by the filing of a bankruptcy petition. Section 362(b) sets forth exceptions to the automatic stay. The State argues that its environmental enforcement action was exempt from the automatic stay provision in bankruptcy because section 362(b)(4) exempts from the automatic stay actions by a government unit to enforce its police or regulatory power. Therefore, the State concludes that the bankruptcy court's order assessing a sanction of $2,000 against the State and the order denying the State's motion to alter or amend judgment should be reversed. Mateer argues that the automatic stay provision applied and that no exception under section 362(b) provided an exemption from the automatic stay.

### A. *Collateral Estoppel*

■ Mateer first argues that the doctrine of collateral estoppel bars the State from contending that it did not violate the automatic stay in bankruptcy. The Illinois Circuit Judge, John P. Coady, in his February 28, 1995, and May 10, 1995 written deci-

---

**2.** The State's appellate brief raised the issue of whether the State improperly disregarded Mateer's discharge in bankruptcy. Yet, in its reply brief, the State points out that the "issue on appeal is whether the State violated the stay, not whether its claims against Mateer were discharged."

sions, entered an order granting Mateer's motion to dismiss because any claim against him was discharged in bankruptcy. Judge Coady also found that the State had violated the automatic stay of the Bankruptcy Code. The State argues that the doctrine of collateral estoppel is inapplicable.

Four requirements must be met before the doctrine of collateral estoppel will bar the relitigation of an issue decided in a different forum: 1) the issue sought to be precluded is the same as the issue involved in the prior action; 2) the issue must have been actually litigated; 3) the determination of the issue must have been essential to the final judgment; and 4) the party against whom estoppel is invoked must be fully represented in the prior action. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987) (citations omitted). The State argues that the Circuit Court's conclusion that the automatic stay in bankruptcy applied to the environmental enforcement action against Mateer was not essential to the final judgment.

The Court agrees with the State. Mateer filed a motion to dismiss the state court action against him arguing that the State was seeking to recover a debt that had been discharged in bankruptcy. In response, one of the State's arguments was that the civil penalties sought in the complaint were nondischargeable. Mateer's reply argued that the State violated the automatic stay.

On May 10, 1995, Judge Coady entered an order finding that the injunctive relief and civil penalties sought in the state court action were discharged in bankruptcy. Consequently, the State's complaint was dismissed with prejudice. The court's conclusion that the state court litigation was stayed under the automatic stay provision was not essential to the judgment. Therefore, this Court finds that collateral estoppel does not apply.

### B. *Automatic Stay Provision*

11 U.S.C. § 362(h) provides:

An individual injured by any willful violation of a stay provided by this section shall

recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The bankruptcy court, relying in part on the reasoning of the state court judge, found that the State had willfully violated the automatic stay imposed by § 362(a)(6) and § 362(a)(2) and that none of the exceptions of § 362(b) applied to the stay imposed. This Court will address each provision in turn.

#### 1. *Section 362(a)(2)*

■ Section 362(a)(2) provides:

(a) Except as provided in subsection (b) ... a petition filed ... operates as a stay, applicable to all entities, of (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

11 U.S.C. § 362(a)(2). The Court can quickly dispose of the argument that the automatic stay provision set forth in section 362(a)(2) applied to the State's state court action. This subsection stays the enforcement of a judgment obtained before the commencement of the bankruptcy action. The State did not obtain a judgment against Mateer prior to his filing for bankruptcy and therefore this section is not applicable [3].

#### 2. *Section 362(a)(1)*

11 U.S.C. § 362(a)(1) provides:

(a) Except as provided in subsection (b) ... a petition filed ... operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1). The Court finds that this provision clearly applies to the State's cause of action in state court and therefore

---

**3.** Because the Court finds that subsection (a)(2) did not act as a stay of the state court proceeding, it is unnecessary for the Court to address

subsection (b)(5), which provides an exception to the stay imposed by subsection (a)(2).

the State's cause of action was stayed under subsection (a)(1). Subsection (b)(4), however, excepts from the stay imposed by subsection (a)(1) an action by a governmental unit to enforce its police or regulatory power[4].

■■■ The Court finds subsection (b)(4) does apply to the State's action. The State sought to eliminate a hazardous environmental condition. As stated in *Penn Terra Ltd. v. Dep't of Envtl. Resources*, 733 F.2d 267, 274 (3d Cir.1984), "[n]o more obvious exercise of the State's power to protect the health, safety, and welfare of the public can be imagined." Moreover, Congress enacted the police and regulatory power exceptions to the automatic stay "[t]o combat the risk that the bankruptcy court would become a sanctuary for environmental wrongdoers, among others[.]" *United States v. Nicolet, Inc.*, 857 F.2d 202, 207 (3d Cir.1988) (citations omitted). The purpose of the exception is also explained in the legislative history:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.

S.REP. No. 95–989, at 52 (1978) *reprinted in* 1978 U.S.C.C.A.N. 5787, 5838; H.REP. No. 95–595, at 343 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6299. "[B]oth the Senate and the House committee reports on the Bankruptcy Reform Act explicitly acknowledge environmental protection is a part of the State's police power." *Penn Terra*, 733 F.2d at 274.

One caveat regarding the application of this subsection is that whether subsection (b)(4) applies depends on whether the proceeding was commenced in the interest of the public health, safety, or welfare. Actions by a government unit to enforce its police or

regulatory powers must be aimed at protecting the broad public interest rather than aimed at gaining a pecuniary advantage. *In re Dervos*, 37 B.R. 731, 734 (Bankr.N.D.Ill. 1984). *See also In re Wellham*, 53 B.R. 195 (Bankr.M.D.Tenn.1985)(discussing the two tests developed by the courts to aid in determining whether an action falls within subsection (b)(4)). Mateer argues that because the State had the alternative of cleaning up the property and then seeking reimbursement, the State's interest was obviously pecuniary, rather than an exercise of its police or regulatory powers. But the case cited by Mateer, *In re Goodwin*, in which the state department also had the option of cleaning up the property and seeking reimbursement, the court nonetheless found that subsection (b)(4) acted as an exception to the acts stayed by (a)(1). *In re Goodwin*, 163 B.R. 825, 828 (Bankr.D.Idaho 1993).

In fact, numerous cases have found that a State's enforcement of its environmental laws is an exercise of the State's police and regulatory power. See *City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir.1991) (action for reimbursement of costs expended in response to environmental violations is an exercise of the government's police and regulatory power); *In re Commerce Oil Co.*, 847 F.2d 291, 296 (6th Cir.1988), ("Punishing wrongdoers, deterring illegal activity, recovering remedial costs of damage to the environment, providing for the costs of administration and weighing the social and economic value of a discharge source are exercises of the state's regulatory power to effectuate public policy and are not actions based upon the state's property interests. Likewise removing, correcting or terminating pollution and determining the severity and effect of discharges ... are actions to protect the public health and safety, and are not grounded upon the state's property interests."); *United States v. Nicolet, Inc.*, 857 F.2d 202 (3d Cir.1988) (action to recover response costs for cleanup of hazardous waste site fell within the State's police and regulatory power); *Penn Terra Ltd. v. Dep't of Envtl. Resources*, 733 F.2d

---

4. 11 U.S.C. § 362(b)(4) provides that the filing of a bankruptcy petition does not operate as a stay "under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

267 (3d Cir.1984) (actions taken in an attempt to obtain and enforce injunction to rectify harmful environmental hazard falls within State's police and regulatory power); *United States v. Acme Solvents Reclaiming, Inc.,* 154 B.R. 72 (N.D.Ill.1993) (the legislative history of subsection (b)(4) indicates that Congress intended actions for both injunctive and monetary relief to be exempt from the automatic stay; in seeking to recover its response costs incurred in reacting to environmental hazards, the government exercised its police and regulatory power); *In Re Lenz Oil Serv., Inc.,* 65 B.R. 292, 294 (Bankr. N.D.Ill.1986) (automatic stay does not prohibit regulatory actions seeking injunctions and fixing fines and penalties for violations of regulatory statutes; the stay is operative, however, where the state attempts to enforce a money judgment).

This Court finds that the State's action against Mateer was an exercise of its police or regulatory power.

Yet, just because this Court has found that the exception set forth in subsection (b)(4) applied, the analysis does not end here. Subsection (b)(4) only acts as an exception to acts stayed by subsection (a)(1). If another subsection of § 362(a) would have stayed the state court action, and if no other exception applies, then the bankruptcy court's decision will be upheld. Mateer argues that the State is subject to the automatic stay set forth in § 362(a)(6).

### 3. *Section 362(a)(6)*

Subsection (a)(6) provides:

(a) Except as provided in subsection (b) ... a petition filed ... operates as a stay, applicable to all entities, of (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(6). The bankruptcy court found that the state court action was stayed pursuant to section 362(a)(6). In support of his claim that this subsection applies, Mateer cites *In re Goodwin,* 163 B.R. 825 (Bankr.D.Idaho 1993). In that case, the Idaho Department of Health and Welfare ("Department") sought a clarification of the application of the automatic stay. The De-

partment claimed the automatic stay did not prevent it from obtaining an injunction against the debtor requiring a clean-up of environmental contamination. *Id.* at 826. The court held that the action was stayed pursuant to § 362(a)(6). *Id.* at 829–834. Specifically, the court found that the injunction was a "claim," that the claim arose prepetition, and that the action was an attempt to collect, assess, or recover that claim. *Id.* at 834. To allow the Department to obtain an injunction would deny the debtor a discharge. *Id.*

■ None of the cases cited above in reference to subsection (a)(1) considered the applicability of subsection (a)(6) to environmental actions such as this. In fact, *In re Goodwin* appears to be the only case applying subsection (a)(6) in this manner. This Court declines to follow *In re Goodwin* and rejects the application of subsection (a)(6) to the instant case.

On its face, subsection (a)(6) applies to *any* act. This would appear to include judicial proceedings. Yet, to so find would defeat the purpose of the exception set forth in (b)(4). Because (b)(4) applies only to subsection (a)(1), a State could never enforce its environmental laws because subsection (a)(6) would work as an automatic stay. Subsection (b)(4) would be rendered meaningless.

The legislative history also supports the Court's conclusion that (a)(6) does not apply in the instant case:

Paragraph (6) prevents creditors from attempting in any way to collect a prepetition debt. Creditors in consumer cases occasionally telephone debtors to encourage repayment in spite of bankruptcy. Inexperienced, frightened, or ill-counseled debtors may succumb to suggestions to repay notwithstanding their bankruptcy. This provision prevents evasion of the purpose of the bankruptcy laws by sophisticated creditors.

H.REP. No. 95–595, at 342 (1977); S. REP. No. 95–989, at 49–51, (1978), *reprinted in* 1978 U.S.C.C.A.N. 5836.

■ The Court also finds support for its interpretation of § 362(a)(6) in the case law. For example, in *In re Smith,* 185 B.R.

871 (Bankr.M.D.Fla.1994), the court found that a creditor who sent a post-petition letter to the debtor's employer concerning the debtor's bankruptcy and expressing surprise that the debtor was still employed there violated section 362(a)(6) of the Bankruptcy Code. *Id.* at 872. The court examined the legislative history of subsection (a)(1) and (a)(6) and found that "Section 362(a)(1) interacts with Section 362(a)(6) to prevent harassment of the debtor with respect to prepetition claims." *Id.*, citing 124 CONG.REC. H11092 (daily ed. Sept. 28, 1978); § 17409 (daily ed. Oct. 6, 1978)(remarks of Rep. Edwards and Sen. DeConcini). "The language of Section 362(a)(6) is 'very broad' ... and is designed to prevent creditor coercion and harassment of the debtor." *In re Smith*, 185 B.R. at 872–73, (citations omitted).

And a brief review of the cases that have found violations of subsection (a)(6) support this court's conclusion that the subsection was meant to reach extra-judicial collection activities. *See, e.g., In re Aponte*, 82 B.R. 738 (Bankr.E.D.Pa.1988) (lessor's disconnection of tenant debtor's utility service violated automatic stay); *In re Reed*, 11 B.R. 258 (Bankr.D.Utah 1981) (creditors violated automatic stay by dumping garbage on the debtor's lawn and driveway); *In re Heath*, 3 B.R. 351 (Bankr.N.D.Ill.1980) (University's withholding of student debtor's transcript, to induce payment of prepetition debt, violated automatic stay).

## IV. CONCLUSION

The action brought by the State against Mateer in state court was only subject to the automatic stay provision set forth in 11 U.S.C. § 362(a)(1). The action was exempted, however, by § 362(b)(4) which permits the commencement or continuation of a judicial proceeding to enforce a governmental unit's police or regulatory power. Therefore, the bankruptcy court erred when it assessed sanctions against the State for violating the automatic stay.

*Ergo*, the judgment of the bankruptcy court is REVERSED.